ETNA M. WRIGHT, MARY E. WRIGHT, EVA M. BARRY, *nee*
WRIGHT, Appellants, v. SARAH WRIGHT AND LOTTIE
WRIGHT.

Wills: DEVISE OF REAL ESTATE: CONSTRUCTION. The provision
1    in a will bequeathing "the undivided west half of the north
west quarter, etc." is a devise of the entire interest in the
land, the word "undivided" qualifying "west half", and not
designating any fractional estate in the property.

**Variance:** EVIDENCE. The court will not vary the language of a
will on the strength of the uncertain recollections of one who
drew it that the intention of the testator was different from
that expressed.

*Appeal from Tama District Court.*—HON. OBED CASWELL,
Judge.

TUESDAY, FEBRUARY 2, 1904.

THIS is an action in equity to obtain a construction of
the will of one Jonathan Wright, deceased, the father of
the plaintiffs and of one Ansel K. Wright, whose widow and
daughter are the defendants in this action. The court
adopted the construction contended for by defendants, and
the plaintiffs appeal.—*Affirmed.*

*Struble & Stiger* for appellants.

*Caldwell & Walters* for appellees.

McCLAIN, J.—At the time of the execution of the will
in question, testator was the owner of three parcels of real
estate described in the will, to wit, the northwest quarter
of the southwest quarter of section 22, the south half of the
southwest quarter of the northwest quarter of the same sec-
tion, and a six-acre tract in section 21, all in township 82
north, range 14 west of the fifth P. M. The provision of
the will, the construction of which is desired, is as follows:
"I give and bequeath to my son Ansel K. Wright the fol-
lowing described premises to wit: The undivided West Half
of the Northwest Quarter of the Southwest, and the South
Half of the Southwest Quarter of the Northwest quarter of
Section twenty-two (22) Township eighty-two (82) North
Range fourteen (14) West 5th P. M. and all of the follow-
ing described property to wit: Commencing four rods
North of the quarter stake between Sections twenty-one and
twenty-two (21 and 22) of Township eighty-two Range four-
teen, Thence West sixteen (16) rods, thence South sixty-

five (65) rods, thence East sixteen (16) rods, thence North sixty-five (65) rods to the place of beginning, containing six and one-half acres more or less, all the above premises being situated in the County of Tama and State of Iowa." By other provisions of the will the plaintiffs in the action are devisees of "all the balance of my real estate, to be equally divided between them."

The contention of plaintiffs is that, in addition to the six-acre tract, as to which there is no controversy, Ansel K. Wright was to take only an undivided half of the west half

1. DEVISE of. real estate; construction.
of the northwest quarter of the southwest quarter, and an undivided half of the south half of the southwest quarter of the northwest quarter; that is (counting the undivided half of the west half of the forty acre tract as ten acres), he was to have twenty-six acres in all, or, if the word "undivided," preceding the description of the west half of the forty acre tract, and which they seek to have construed as meaning the undivided half of the west half of that tract, does not apply to the twenty-acre tract, the description of which immediately follows, then they still contend that he was only to have an undivided half of the west half of the forty-acre tract, which, being computed at ten acres, as before, would give him thirty-six acres in all; while the contention for defendants in that the word "undivided," preceding the description "West Half of the Nort'◄ west Quarter of the Southwest Quarter," is without meaning as limiting the devise to an undivided part only of the west half of the forty-acre tract, and that the entire west half of that tract passed to them by the devise, so that they are entitled, in all, to forty-six acres. Without any other guide to the intention of the testator than that furnished by the language of the will, we are unable to see how we would be justified in limiting the devise to any share in the west half of the forty-acre tract less than the entire and undivided interest therein. The will simply describes the west half of the forty-acre tract as "undivided." It is true that such use of the term "undivided" is unusual, but it may

have been used by the testator as indicating the fact that the forty-acre tract, of which the west half was being devised, was in fact not yet divided or set off from the east half, which was to go to the plaintiffs. But with whatever conjectural meaning the word may have been used, it certainly does not in itself indicate an intention that only an undivided half of the west half was being devised. There is nothing in the will to suggest an undivided half rather than an undivided-quarter, or any other undivided interest. If the word were to be given any such significance as contended for by plaintiffs, then the will would be indefinite with reference to this tract, for it would not indicate what undivided interest was to pass. But there is no occasion for giving the word any such meaning. To treat it as an adjective qualifying the words "West Half" does not create any ambiguity nor uncertainty. The will is perfectly intelligible, although the use of the word is without effect as to the meaning.

Evidence was offered on the trial, and received over objection, which it was claimed by plaintiffs tended to show that the real intention of the testator was to give to Ansel K. Wright only an undivided half interest in the west half of the forty-acre tract, and also in the twenty-acre tract, in addition to the six-acre tract, as to which there is no controversy. The testimony thus relied on was that of one Smith, who in 1891 drew for testator the will in question. Without stopping for a discussion as to whether his testimony was competent, it is enough to say that it was wholly insufficient to give to the will any different meaning than that embodied in the language used. He says he drew the will from testator's dictation, and thinks that Ansel K. Wright was to have half of the land, and got the impression that he was to have twenty-six acres, but he is unable to give even the purport of any conversation with testator on which such an impression could have been based. Whether his impression was derived from conversation with testator, or from his own construction of the language of the will, he is entirely unable to say; and he is unable, as

2. VARIANCE: evidence.

he admits, to testify that he omitted any word dictated by the testator, or that any other language was used by the testator in expressing his intention than that written. His impression is unquestionably to some extent erroneous, for under no construction does the will give half of the land described to Ansel K. Wright. We certainly would not be justified in varying the language of the will on the strength of the indefinite and uncertain recollections of this witness.

Appellants cite cases in this court in which words have been supplied, or changes of description have been made, in order to carry out the evident intention of the testator, but those cases need not be discussed. Until we can find from the language of the will, or from extraneous circumstances some different intention than that expressed by the language itself, we certainly would not be justified in giving an interpretation different from that plainly indicated by the language used. The will is, in fact, not ambiguous, but plain and certain, in its provisions; and the decree of the lower court, by which defendants taking the entire devise to Ansel K. Wright are given the entire west half of the forty-acre tract, the entire twenty-acre tract, and the six-acre tract, is AFFIRMED.