ADA MELISSA GILMORE, ET AL., Appellees, v. JOSEPH HENRY JENKINS, Appellant. EMMA FLORENCE DEARDORFF, ET AL., Appellees. EDWARD FRANKLIN JENKINS, ET AL., Defendants.

**Estates of decedents:** DISTRIBUTION: ADVANCEMENTS. Under our
1  statute an advancement to an heir will not be taken into consideration in the distribution of decedent's property, where he has left a will, even though the entire estate is not disposed of by the will.

**Wills:** CONSTRUCTION: INTENT. The testator's intent must govern
2  in the construction of a will, and where there is no ambiguity that intent must be gathered from the will itself.

**Construction of wills:** PAROL EVIDENCE. Parol evidence is only admissible to explain what is written in a will, not to change
3  the instrument or aid in making one the testators may have intended but did not in fact make.

**Construction of wills:** PARTIAL INTESTACY. A will devising to five
4  heirs, naming them, "an undivided one-fifth" of certain real

estate is a bequest of such interest to them collectively and not one-fifth to each; and a subsequent provision that the land described be not sold for the purpose of distribution except upon consent of a majority of the devisees did not change the character of the bequest.

*Appeal from Dallas District Court.*— HON. EDMUND NICHOLS, Judge.

THURSDAY, FEBRUARY 15, 1906.

SUIT in equity to quiet title to certain reaɪ estate in plaintiffs and defendants Emma Deardorff and Ethel Elva Jenkins, against defendants Joseph Henry Jenkins, Edward Franklin Jenkins, and the wife of Joseph H. Jenkins. · The defendant Joseph H. Jenkins denied the ownership of plaintiffs and his codefendants, and pleaded that he was the owner of four thirty-fifths of said real estate. Plaintiffs in reply averred that Joseph H. Jenkins had received by way of advancement from his father all that he was entitled to of his estate; that defendant Edward Jenkins had also received all that he was entitled to; and that the father willed the property in question to these plaintiffs and some of the defendants. The case went to trial on these issues, resulting in a decree establishing title in accord with plaintiffs' claims. Defendant Joseph H. Jenkins appeals.— *Reversed.*

*White & Clarke,* for appellant.

*Cardell & Fahey,* for appellees Gilmore and others. *E. R. Sayles,* for appellees Deardorff and others.

DEEMER, J.— Martin Jenkins died November 15, 1899, seised of the N. W. fractional one-fourth of section 30 in township 80 in Dallas county, Iowa. He also left some personal property, which will be hereinafter referred to. He left surviving his wife, Nancy, and seven children, to wit, Joseph H., Edward F., Ethel Elva, and Vinta Blanche

Jenkins, and Ada M. Gilmore, Emma F. Deardorff, and Lillie Ann Tilden. On the 15th day of February, 1897, he had executed a will which after his death was duly admitted to probate. This will reads as follows:

First. It is my will that my wife Nancy Jenkins shall receive her maintenance from my estate during her lifetime, or so long as she shall remain my widow. In case she remarries after my death, she shall receive the sum of five dollars.

Second. I give and bequeath to my son Joseph Henry Jenkins the sum of five dollars.

Third. I give to my son Edward Franklin Jenkins the sum of five dollars.

Fourth. To my five daughters, viz., Ada Melissa Gilmore, Emma Florence Deardorff, Lillie Ann Tilden, Ethel Elva Jenkins and Vinta Blanche Jenkins, I give and bequeath the undivided one fifth of the west half of the northwest fractional quarter, section thirty, township eighty, range twenty-nine west 5th P. M., Iowa, and all my personal property of whatsoever kind that I may die seized of after all my legal debts are paid and discharged, including my last sickness and funeral expenses. In case either or any of them should die prior to my death, then her share to revert to her heirs, or should she die without issue, then her share shall revert to the remaining daughters. I furthermore request that the real estate described shall not be sold to make a division of the same, except it be by the consent of the majority of my five daughters or their legal heirs.

Fifth. I hereby appoint A. J. Hemphill, of Panora, Iowa, executor of this my last will and testament, hereby revoking all former wills by me made.

After testator's death, the heirs and devisees other than Edward F. conveyed to said Edward the east 80 acres of the fractional tract, pursuant to an alleged purpose on the part of the deceased to convey the same to him before his death. It is now claimed that the devisees named in the fourth paragraph of the will took the west half of the fractional quarter absolutely; that defendant and appellant

Joseph H. Jenkins is entitled to nothing under the will save the $5 mentioned in the second paragraph; and that, no matter what the construction of the will, he has had all that he is entitled to of his fathers estate by way of advancements during the life of the testator.    On the other hand, Joseph H. Jenkins claims that he had no advancements, that the will of his father gave appellees but one-fifth of the real estate therein described; and that he is entitled to four thirty-fifths thereof.    He also contends that the doctrine of advancements does not apply, except in cases where there is no will, and will not be considered, even in cases of partial intestacy.

We are of opinion that under our statute, which provides for bringing advancements into hotchpot when given by an " intestate " to his heir, no property so given can be

1. ESTATES OF DECEDENTS: distribution; advancements.

taken into account in the distribution of an estate, where the ancestor leaves a will, although he may not have disposed of all of his property thereby.    The general rule, both in England and in this country, is that the law of advancements, in the absence of statute, does not apply unless the ancestor dies wholly intestate.    Greene's Ex'r v. Spear, 37 Ala. 532; Marshall v. Rench, 3 Del. Ch. 239; Huggins v. Huggins, 71 Ga. 66; Manning v. Thruston, 59 Md. 218; Turpin v. Turpin, 88 Mo. 337; Thompson v. Carmichael, 3 Sandf. Ch. (N. Y.) 120; Needles v. Needles, 7 Ohio, St. 435 (70 Am. Dec. 85) and cases cited in volume 49, Century Digest, page 2963. The reason for this rule is obvious.    If it were otherwise, it would be impossible for one to make a will which, in cases of partial intestacy, would give to one heir more than to another.    The testator is conclusively presumed to have considered the advancements and the bequests made in the will collectively, and to have made distribution as he intended to make it.    He need not treat his heirs or devisees as standing on an equal footing, and may give to one more than to another, or may equalize the matter, as he sees fit in his will.

The doctrine of advancements rests upon the presumed desire of an ancestor to equalize his estate among his heirs. When he makes his will, he expresses his intention in this respect, and his desires should be followed.

Unless appellees, the devisees under the fourth paragraph of the will, take all of the land therein described, then partial intestacy results, as there was no residuary clause, and appellant Joseph II. is entitled to his share of the remainder; for we must assume that, in giving more to these devisees than he did to Joseph, he equalized the matter between them as he thought it should be done, and there is no room for any presumption in the matter. So that the entire case turns upon the construction to be placed upon this fourth division of the will. If it gave to the devisees therein named the whole of the land, and not one-fifth thereof, the decree of the trial court is correct. But if it gave them but one-fifth, then they take the remaining four-fifths with their brothers; each being entitled to four thirty-fifths of the land; because it was not devised to any one. Taking this fourth paragraph of the will alone, it is clear that the testator devised to his daughters, naming them, the undivided one-fifth of the land therein described. Ordinarily such a gift would be considered as made to a class, and, in the event of the death of any one of them, the survivor or survivors would take the whole. *Swallow v. Swallow,* 166 Mass. 241 (44 N. E. 132). And if this were all there is of the will we should have no difficulty in saying that the gift to the class as a whole was of but one-fifth of the entire estate. But the testator removed this idea of survivorship by providing that, in case of death of any of them, her share should go to her heirs, if she had any, and, if not, then to the remaining daughters. This is a clear indication that he intended them to take distributively, and not as a class.

But how much was each to receive — one-fifth of a fifth or one-fifth of the whole? The devisees under the will contend that he gave them the entire estate — that is to

say, one-fifth to each; while the defendant and appellant says
that he gave them each one-fifth of one-fifth.
**2. WILLS: construction: intent.** Testator's intent, if that can be ascertained,
must govern; but that intent, if there be no
ambiguity or uncertainty in the will, must be gathered from
the will itself. *Huston v. Huston,* 37 Iowa, 668; *Eckford
v. Eckford,* 91 Iowa, 54.

Looking again to this fourth paragraph of the will, we
discover no ambiguity or doubt therein. He gave to his
five daughters, naming them, the undivided one-fifth of the
land. There can be no doubt, or ambiguity, or uncertainty
in this; no more so than if he had given them an undivided
one-half or an undivided one-third. The fact that he gave
a fifth and that there are five children does not of itself
create any ambiguity or uncertainty as to the estate devised.
Both the names of the beneficiaries and of the estate granted
are certain and unambiguous. Were it not for the fact that
a fifth is given, instead of a third or a half, this litigation
would never have arisen. But as there were five daughters,
to whom he gave an undivided one-fifth of the land, it is
contended that each was to take one-fifth, and evidence de-
hors the will was introduced to show that this was testator's
intent.

Primarily, the testator's intent is to be gathered from
the will itself. Parol evidence cannot be received to give
a will operative elements, language, or provisions not in it
before; for such testimony is only admissible
**3. CONSTRUCTION OF WILLS: parol evidence.** for the purpose of affording light whereby what
is in a will may be read, understood, and ap-
plied. In *Root's Estate,* 187 Pa. 118 (40 Atl. 818);
*Bower v. Bower,* 5 Wash. 225 (31 Pac. 598.)   The fallacy
in appellees' argument lies in the assumption that some word
must be supplied to make the will intelligible; that is to
say, they contend that either the word " each," or " all,"
or " several," or " joint," must be put into the will in order
to make it intelligible. If this were true, then their con-

clusion would no doubt be correct. But it is not. Convey-ances or devises to two or more, under our statutes and de-cisions, create a tenancy in common, unless a contrary intent is expressed. Code, section 2923, and annotated cases. The word " all " is not necessary to make sense of the lan-guage used, and the introduction of the word " each " mani-festly changes, not only the language, but the legal interpre-tation of the will.

We have gone as far as any court in permitting extrinsic evidence in aid of the construction of wills, but have never yet held that such evidence is admissible for the purpose of changing a will, or to aid in the making of a new one — one which the testator intended, but did not in fact make. See *Moran v. Moran,* 104 Iowa, 221; *Wright v. Wright,* 122 Iowa, 552; *Fitzpatrick v. Fitzpatrick,* 36 Iowa, 674. In support of the rules we have announced, see Redfield on Wills (3d Ed.) vol. 1, pp. 527, 528–549; *Rothmahler v. Myers,* 4 Desaussure (S. C.) 216 (6 Am. Dec. 613); *Griscom v. Evens,* 11 Vrom (N. J.) 402 (29 Am. Rep. 251). Courts are justified in some cases in changing the language of a will; in discarding words where they appear to be without meaning; in supplying and transposing words and sentences, and even paragraphs. *Jordan v. Woodin,* 93 Iowa, 453. But this rule is always subject to the primary one that a court cannot correct a mistake in a will, or make a new will for the parties. Page on Wills, sections 817, 820, and cases cited. But it is said that a will should be so con-strued, if possible, as to prevent partial intestacy. When the will is subject to two constructions, this is, of course, true. Page on Wills, section 466. But the rule does not apply here, for it is admitted that the testator did not dispose of all of his real estate. The east half of the fractional quarter was not disposed of either by will or deed, but after testator's death was conveyed by all the heirs save Edward to him (Edward), pursuant to an agreement between them, in furtherance of an assumed or proved intent on the part of

the testator that he should have the land.   In any event, then, there was partial intestacy.

Further, it is said that there is a manifest intent on the part of testator to exclude his sons from any further participation in his estate.   This is negatived by the thought that after his death the others heirs joined in a conveyance to Edward of 80 acres of land left by the deceased.   Moreover, there is nothing in the will itself tending to show that testator intended to deprive his sons of any further share in his estate.   Page on Wills, section 467.   But it is argued that the last clause of the fourth paragraph regarding the consent of the majority of his daughters to a sale of the property to make division thereof is inconsistent with the grant of but the undivided one-fifth thereof, and indicates a devise of the entire estate to them.   If such provision could only be made, or was only likely to be made, in the event the entire estate was granted, then there might be some force in this suggestion.   But that postulate is not true.   No matter what the estate granted or devised, the testator might for some reason see fit to keep the property intact until a majority of his devisees or even an aliquot part saw fit to sell.   This is the only thread upon which to hang a finding favorable to appellees. And in our opinion it is not enough to change the character of the devise.   The provision is equally applicable whether the entire estate or only an aliquot part thereof passed to the devisees named.   No doubt a mistake was made by the scrivener in drafting this will, but it is such an one as courts are powerless to correct.   *Young's Estate,* 123 Cal. 337 (55 Pac. 1011) ; *Senger v. Senger's Ex'r,* 81 Va. 687 ; *Bingel v. Volz,* 142 Ill 214 (31 N. E. 13, 16 L. R. A. 321, 34 Am. St. Rep. 64).

The trial court should have awarded four thirty-fifths of the land described in the fourth paragraph of the will to defendant and appellant Joseph Henry Jenkins; and the cause will be remanded for a decree in harmony with this

*4. CONSTRUCTION OF WILLS: partial intestacy.*

opinion. Appellees will pay all the costs of the appeal. — *Reversed.*