NANCY R. SCOTT, Appellant, v. HAMILTON SCOTT, ET AL., Appellees.

Wills: CONSTRUCTION: ESTATE DEVISED. In construing a will the intent of the testator will be given effect if not violative of some established rule of law. In the instant case the will is held to have given the widow, in lieu of her distributive share, a specific sum of money and in addition the life use of the residue of the estate with the remainder over to testator's legal heirs.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, OCTOBER 24, 1906.

ACTION in equity to construe the provisions of a will. There was a decree in favor of defendants, and plaintiff appeals.— *Affirmed.*

*Tom H. Milner,* for appellant.

*Popham & Havner,* for appellees.

BISHOP, J.— James Scott, late of Iowa county, died testate, leaving surviving him the plaintiff, his widow, and the defendants, his brothers and sisters. By his will, he made provision for the payment of his debts, and then provided as follows: " 3. The rest, remainder and residue of my property of every kind and nature I will, devise and bequeath to my wife, Nancy R. Scott, to have, hold, use and enjoy during the term of her natural life, except that I will, devise and bequeath her the sum of three thousand dollars absolutely and balance to her exclusive use, benefit, behoof and enjoyment during the term of her natural life as aforesaid. The above and foregoing bequest to be taken

and accepted by my said wife in lieu of her statutory rights. 4. At the death of my said wife, I give, devise and bequeath the rest, residue and remainder of my property of every kind and nature to my legal heirs, share and share alike." The will was duly admitted to probate, and it appears that in accordance with a further provision thereof by which plaintiff was nominated as sole executrix, she has qualified and is acting as such.

It is the contention of plaintiff that there was devised to her by the will the entire estate of which her husband died seised, the real estate in fee simple, and with absolute title to the personal property. On the other hand, the defendants contend that by the will only the sum of $3,000 was given to the plaintiff by way of an absolute devise, and that as to the residue of the estate there was given to her no more than the simple right to hold, use, and enjoy during her natural life. The court below accepted of the contention of defendants as sound, and entered a decree accordingly. Of the correctness of the result thus reached we entertain no doubt. It is well-established doctrine that in giving construction to a will it is the duty of the courts to ascertain and give effect to the intention of the testator. If the language is not ambiguous, and the disposition sought to be made is not open to criticism because violative of some established rule of law, there is no alternative but to execute the will as it is written. *Murphy v. Black*, 44 Iowa, 176; *Law v. Douglass*, 107 Iowa, 606. And obviously there can be no room for construction where the language of the will is plain and unequivocal. *Smith v. Runnels*, 97 Iowa, 55.

It may be conceded that the will before us is not perfect as to form of words. Taking it up by its four corners, however, it plainly appears to have been the intention of the testator to give to his widow, in lieu of her distributive share, a certain sum of money by way of absolute bequest, and, in addition thereto, the use and enjoyment of all the

residue of his estate during the period of her natural life, the remainder over of such residue, if any, to go to his brothers and sisters.   It is not possible to so distort the language of the will as to give any other meaning to the words employed.   And, as the disposition sought to be made by the testator is not violative of any established rule of law, there can be no reason why the will should not be carried into execution as written.   But counsel for appellant contends that the provision of the will looking to a disposition of the remainder is precatory in character, and that the case should be ruled by *Luckey v. McCray,* 125 Iowa, 691.   That this cannot be so is manifest upon a moment's reflection.   In that case we held that the will purported, and hence it was intended, to vest in the widow the complete and absolute title to the property, whereas in the will before us there is granted to the widow in express terms a life interest, and that only.   And this is made more certain by the fact of the absolute bequest of the sum of $3,000.   If an absolute bequest of the whole had been intended, there would have been no necessity for making the special bequest.   The case is to be governed, therefore, by the rule of *Spaan v. Anderson,* 115 Iowa, 121, where it was held upon a state of facts substantially similar that the widow took only a life interest.   Counsel for appellant go farther, and insist that in any event the rule in Shelley's case as defined in *Doyle v. Andis,* 127 Iowa, 36, should be given application in placing a construction upon the will.   That there can be no merit in this contention must become apparent upon a second reading of the rule.

Complaint is also made for that the court in its decree undertook to limit or circumscribe the use which might lawfully be made of the property by the life tenant.   That was not a matter in issue, and we do not understand that the court intended to make any definite pronouncement on the subject.   The character and extent of the use must of ne-

cessity be determined as occasion shall require, and then in view of the particular circumstances at the time appearing.

The conclusion of the decree has our approval, and it is *affirmed*.