CENTRAL TRUST COMPANY, Executor, Appellee, v. THOMAS M. LANGAN et al., Appellants.

**WILLS:** Construction—Avoiding Literal Meaning of Words. Literal meaning of words will be avoided in order to carry out the manifest intention of the testator. So held as to the issue of *partial* intestacy.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

MARCH 13, 1923.

OPINION ON REHEARING MAY 13, 1924.

PETITION in equity, filed by the executor and trustee, for the construction of the will of William H. Langan, deceased. The trial court ruled in favor of the contentions of the executor and trustee and certain of the legatees, and against certain legatees, the heirs at law of the decedent, who appeal.—*Affirmed.*

*Devitt & Eichorn,* for appellants.

*Nourse & Nourse, Jacob Witmer, Craig T. Wright, Lappen & Carlson,* and *Dale & Harvison,* for appellees.

ARTHUR, C. J.—This is an action in equity, to construe the last will and testament of William H. Langan, deceased. The action was commenced by the Central Trust Company, executor, and the Central Trust Company, trustee, under the will, which was admitted to probate October 29, 1919.

The Central Trust Company and certain defendant legatees, appellees herein, contend that the testator devised and bequeathed all of his property by will, and that he left no property undisposed of by the will. The defendant appellants, who are legatees and the only heirs at law of the testator, contend that, under the residuary clause of the will, he bequeathed the residue of his property to the Central Trust Company, as trustee, but failed to name a *cestui que trust* for either the income or the remainder of two tenths of the residue, and that the trust to this extent failed, and the heirs at law take the said two tenths, free of the trust. The trial court construed the will that the testator had disposed of all of his property, and that there was no partial intestacy. The heirs at law appeal.

We are not concerned with the first 14 items of the will, which make certain specific bequests. These items are not questioned by anyone. The inquiry does involve Items 15 and 16, which read as follows:

"15. I give, devise and bequeath one fifth (1/5) of the remainder of my estate as follows: One thousand ($1,000) dollars to Mabel Wilson, daughter of Lucile Card Wilson. The balance in trust to the Central Trust Company of Des Moines, Iowa, the income alone to be paid annually to the persons hereinafter named. Equally to the four (4) daughters of my sister, Mrs. Mattie A. Card, to wit: Gertrude Card, Bessie Card, Martha Card, and Mrs. Lucile Card Wilson. Upon decease of one of said named persons, the portion from which she was receiving the income, being one fourth (1/4), shall be taken out of the trust and to be paid to the Hospital for Women and Children located at Third (3rd) and Forest Avenue, Des Moines, Iowa. Upon the second decease, the portion from which she was receiving the income, being one fourth (1/4), shall be taken out of the trust and paid to Grinnell College of Grinnell, Iowa. Upon the third decease, the portion from which she was receiving the income, being one fourth (1/4), shall be taken out of the trust and paid to Grinnell College of Grinnell, Iowa. Upon the fourth decease, the portion from which she was receiving the income, being one fourth (1/4), shall be taken out of the trust and be paid to the Young Men's Christian Association of Des Moines, Iowa.

"16. The residue of my estate I hereby give, devise and bequeath in trust to the Central Trust Company of Des Moines, Iowa, the income alone to be paid annually to the beneficiaries hereinafter named·

"a. Three tenths (3/10) to my brother, Thomas M. Langan, of Des Moines, Iowa.

"b. One fifth (1/5) equally to the three (3) sons of my deceased sister, Mrs. Jennie Knight. Upon decease of the first of either of said Knights, the portion from which he was receiving the income shall be taken out of the trust and be paid to Grinnell College, of Grinnell, Iowa. Upon the second decease, said portion shall be withdrawn and paid to the Young Men's Christian Association of Des Moines, Iowa. Upon decease of the last survivor, said portion shall be withdrawn and be paid to the Young Women's Christian Association of Des Moines, Iowa. Said gifts to be the joint gifts of myself and my beloved wife, Frances E. Langan.

"c. One tenth (1/10) to Mrs. C. W. Huntington of Eliza-beth, New Jersey. Upon the decease of said Mrs. C. W. Huntington, the portion from which she was receiving the income shall be taken out of the trust and paid, one half (½) to Grinnell College of Grinnell, Iowa, and one half (½) to the Young Men's Christian Association of Des Moines, Iowa. Said gifts to be the joint gifts of myself and my beloved wife, Frances E. Langan.

"d. One tenth (1/10) to Mrs. Ada Richards of Duluth, Minnesota. Upon the decease of said Mrs. Ada Richards, the portion from which she was receiving the income shall be taken out of the trust and paid, one half (½) to the Des Moines Home for the Blind now located at............and one half (½) to Grinnell College at Grinnell, Iowa.

"e. One tenth (1/10) to my cousin, Miss Elizabeth Mason, of Des Moines, Iowa. Upon decease of said Elizabeth Mason, the portion from which she was receiving the income shall be taken out of the trust fund and five thousand ($5,000) dollars to be paid to the Pilgrim Memorial Fund and the balance to the Congregational Conference of Iowa for the benefit of aged ministers of Iowa of the Congregational Church. Said gifts to be the joint gifts of myself and my beloved wife, Frances E. Langan.

"f. Upon the decease of my brother, Thomas M. Langan, the portion from which he was receiving the income, as provided in Paragraph 'a' hereof, shall be taken out of the trust and paid as follows:

"g. One sixth (1/6) to Grinnell College, Grinnell, Iowa.

"h. One sixth (1/6) to the Congregational Hospital now located at Fourteenth (14th) and Clark Streets, Des Moines, Iowa.

"i. One sixth (1/6) to the Young Men's Christian Association of Des Moines, Iowa.

"j. One sixth (1/6) to the Associated Charities of Des Moines, Iowa, or any organization that may take the place thereof.

"k. One sixth (1/6) to the Home for the Aged of Des Moines, Iowa.

"l. One sixth (1/6) to the Des Moines Home for Friendless Children, now located at Twentieth (20th) and High Streets,

Des Moines, Iowa. The gifts provided for in 'd,' 'g,' 'h,' 'i,' 'k,' and 'l' to be the joint gifts of myself and my beloved wife, Frances E. Langan.

"m. In the event of any residue by reason of any legatee being unable to receive the portion herein provided for, then and in that event such residue shall be distributed as provided in Paragraph 'f' hereof."

Does Item 16 of the will leave two tenths of the residuary estate to the Central Trust Company in trust without naming a *cestui que trust* to take either the income or the remainder thereof?

This is the one question in the case. It is conceded that, in the construction and interpretation of a will, the primary purpose of a court is to determine the intent of the testator. The objective in a judicial quest in cases of this character is to discover the intent, and construe the will accordingly. *Ellsworth College v. Carleton,* 178 Iowa 845; *Marvick v. Donhowe,* 191 Iowa 214.

In the first fourteen items of the will, definite amounts of money are bequeathed to various beneficiaries. By Item 15, one fifth of the entire estate remaining after the bequests provided for in Items 1 to 14, inclusive, are paid, is bequeathed, $1,000 to Mabel Wilson, and the balance of said one fifth in trust to the Central Trust Company of Des Moines, to be disbursed as provided in said Item 15. The opening sentence of Item 15 reads:

"I give, devise, and bequeath one fifth of the remainder of my estate as follows."

The opening paragraph of Item 16 of the will reads:

"The residue of my estate I hereby give, devise, and bequeath in trust to the Central Trust Company of Des Moines, Iowa, income alone to be paid annually to the beneficiaries hereinafter named."

After disposition under Item 15, there was left four fifths or eight tenths of the remainder of the estate, to be disposed of under Item 16. When the opening sentence of Item 15 is read and considered together with the first paragraph of Item 16, it is obvious that the phrase "the residue," of Item 16, is referable to the phrase "the remainder of my estate," used in Item

15, and that the testator, by the phrase used, meant to ·bequeath and devise in Item 16 all that remained of his estate after satisfying Item 15: that is, the four fifths or eight tenths left after satisfying Item 15 should go in trust, as provided in Item 16. We think that the only rational interpretation of the language used in Item 16 is that the balance of the estate, after satisfying Item 15,—that is, the four fifths or eight tenths of the entire estate remaining undisposed of under Items 1 to 15, inclusive,— was to be disposed of under Item 16. Upon consideration of the whole will, taken "by its four corners," this is the proper and only reasonable interpretation. We think this construction carries out the intention of the testator, as expressed in the language of the will. It was the four fifths or eight tenths of the entire remainder that was left undisposed of, and it was said four fifths or eight tenths that he was disposing of under Item 16. Searching for the thought and intent of the testator, as disclosed by the language of the whole will, and particularly by the fact that the testator, in Paragraphs a to e, inclusive, of Item 16, said, "three tenths to my brother, Thomas M. Langan," "one fifth equally to the three sons of my deceased sister, Mrs. Jennie Knight," "one tenth to Mrs. C. W. Huntington," "one tenth to Mrs. Ada Richards," and "one tenth to my cousin, Miss Elizabeth Mason," totaling eight tenths, or parts, we think he had in mind, in writing Item 16, that he had eight parts or pieces, which he called "tenths," to dispose of. In Item 16, he does not say "three tenths of the residue," but says simply, "three tenths," and so disposes of the eight parts, which he called "tenths," of the entire remainder.

The rule is well settled that the presumption against partial intestacy may be invoked when intention is not clearly expressed. It is to be indulged and applied when the language used by the testator is uncertain or ambiguous. *In re Will of Weien,* 139 Iowa 657. In *Busby v. Busby,* 137 Iowa 57, we said:

"The voice of authority is against the presumption of partial intestacy by intention; and where possible, such construction will be given a will presented as to work disposition of the entire estate."

To the same effect, see *Ross v. Ayrhart,* 138 Iowa 117;

*McTigue v. Ettienne,* 155 Iowa 450; *Feddersen v. Matthiesen,* 185 Iowa 183.

Perhaps the portion of the will under consideration is of sufficient uncertainty to invoke the rule of interpretation above adverted to. *Carr v. Dings,* 58 Mo. 400, is a case illuminating on this point. The Missouri court said:.

"When a doubt arises as to the extent of the application of the word 'residue,' as used in a will, whether it was intended to apply to the residue of the whole estate or to be confined to a particular part of the estate, courts generally incline to extend it to the whole estate, where there is no other residuary clause."

In *Jordan v. Woodin,* 93 Iowa 453, we said:

"To ascertain the intention of the testator, it is sometimes admissible to change the language of the will, to discard words as surplusage, when they appear to be without meaning as used, to supply words, to transpose words, sentences, phrases, and even paragraphs."

The rule announced in *Jordan v. Woodin* was approved in *Stewart v. Stewart,* 96 Iowa 620; *Ellsworth College v. Carleton,* supra.

Applying the above mentioned rules, if need be, we think that the testator disposed of his entire estate by this will. In Items 15 and 16, testator bequeathed and devised the entire "remainder" mentioned in Item 15, two tenths by Item 15 and eight tenths in Item 16.

We reach the conclusion that the court below was right in construction of the will. The case is affirmed.—*Affirmed.*

Evans, Stevens, Faville, and Vermilion, JJ., concur.