VERDA E. BELL et al., Plaintiffs, Appellees, v. BESSIE M. BELL et al., Defendants, Appellees, JOHN A. BELL et al., Defendants, Appellants.

No. 43809.

JUNE 15, 1937.

Tamisiea & Tamisiea, for appellants.

Welch & Maher, for appellees, Verda E. Bell and Verva E. Bell.

Roy E. Havens, guardian ad litem, for appellees Bessie M. Bell and Violet G. Bell.

MITCHELL, J.—This case was submitted upon an agreed statement of facts. Sarah E. Bell died testate on the 8th day of September, 1916, and her will was duly admitted to probate in the district court of Harrison County, Iowa. She was survived

by her husband, John M. Bell, who died intestate on June 23, 1926, and by four children: Edna Bell, a daughter (unmarried at the time of her mother's death but who subsequently married John Girton) ; John A. Bell, a son (unmarried at the time of the mother's death but who subsequently married Sophia M. Bell) ; Luther Bell, a son (married at the time of the mother's death) ; and Fred Bell, a son (married at the time of the mother's death). Sarah E. Bell died seized of title to four tracts of real estate, including the land in controversy. John M. Bell, the husband, died intestate on the 23d day of June, 1926. Luther Bell, one of the sons of Sarah E. Bell, died intestate on the 27th day of August, 1923, without issue. The only grandchildren who survived Sarah E. Bell are the plaintiffs in this action, Verda E. Bell and Verva E. Bell, and the defendants Bessie M. Bell and Violet G. Bell, said grandchildren being the children of Fred Bell, one of the sons of Sarah E. Bell. This action was brought to quiet title to certain real estate described in the petition, and that the four grandchildren of Sarah E. Bell, being the children of Fred Bell, be decreed to be the absolute and unqualified owners of said real estate. The lower court entered a decree as prayed by plaintiffs, quieting title in Verda E. Bell, Verva E. Bell, Bessie M. Bell and Violet G. Bell. The other defendants, being dissatisfied, have appealed to this court.

The sole and only question confronting the court in the determination of this controversy is the correct construction of the last item of the last will and testament of Sarah E. Bell.

The will of Sarah E. Bell is as follows:

"I, Sarah E. Bell, a resident of Harrison County, Iowa, being of sound and disposing mind, make and declare the following to be my last Will:

"1. Give to John A. Bell and Edna Bell all my household and kitchen furniture.

"2. I give to my Husband John M. Bell all other personal property of which I may die seized.

"3. I give and bequeath to my husband John M. Bell a life estate in all real estate of which I may die seized, with the rents and profits of the same as long as he lives.

"At the death of John M. Bell, I give to each of the following heirs a Life estate in and to the real estate hereinafter mentioned as follows:

"To Edna Bell a life estate in the south 18 acres of the west 30 acres of the NW¼ of the NW¼ of Section 25 Twp 80 Range 44 and 22 acres off the west side of the S½ of NW¼ of Section 25 Twp 80 Range 44, all in Harrison County, Iowa.

"To John A. Bell the balance of the S½ of NW¼ of Section 25 Twp. 80 Range 44 not granted to Edna and the SW¼ of NE¼ of Section 25 Twp. 80 Range 44, a Life Estate therein.

"To Luther Bell a life estate in 45 acres off the west side of the SE¼ and the West ½ of the SE¼ of Section 23 Twp. 80 Range 44 in said county.

"To Fred Bell a Life estate in the balance of the 120 acres described as SE¼ and West ½ of SE¼ of Section 23 Twp. 81 Range 44 in said county.

"It is my express intention to give my Husband John M. Bell a Life estate in my real estate as heretofore stated, and at his death, each of the heirs herein mentioned take a Life estate to the specific lands mentioned, and at the death of said heir or heirs, the fee simple title shall pass in equal shares to *the* surviving grandchildren.

"I appoint John A. Bell and Edna Bell joint executors of this will without bonds.

"[Signed]   Sarah E. Bell."

The appellants in their brief and argument say:

"As a rule it is only the unusual will, unique because of its terminology, or because of the purposes it seeks to attain, which comes before the court for construction. Seldom indeed may there be found in the books, wills which have been judicially interpreted which are identical in terms and purposes with one sought to be construed, so as to form a binding precedent. Hence citations of authority are less helpful in construing wills than in construing other instruments which because of usage are more uniform in language."

With this statement we agree.

Naturally, the cardinal rule in the construction of a will is that the intention of the testator must be ascertained, if possible, and, if said intention is not in contravention of some established rule of law or public policy, that such intention must be given effect.

What was the intention of Sarah E. Bell when she

made her will? She refers to *the surviving grandchildren,* which words, construed in their primary, ordinary sense, must refer to the surviving grandchildren of the testatrix herself. The word "grandchildren" can, under no possible construction, be construed to mean other than the grandchildren of the testatrix. She desired that her husband should have a life estate; that after his death her four children should have a life estate in certain described real estate, and then she says it is to go to her surviving grandchildren. This clearly shows that it was her intention that the fee-simple title should pass in equal shares to the surviving grandchildren. This can only mean grandchildren surviving the testatrix, and the other provisions of the will itself do not limit the particular grandchildren to be the child of any particular child of the testatrix, but included all the grandchildren of the testatrix. Under the construction claimed by the appellants, it would mean that upon the death of any one heir the fee-simple title in the tract in which said heir possessed a life estate should pass in equal shares to the surviving children of the particular deceased heir, and if that heir had no children, then it would pass to the heirs of the testatrix, governed by the rules of descent in cases of intestacy. To place such a construction upon the will in controversy would indeed be a strained one and would be one based purely upon conjecture. The will will not admit of any such interpretation or construction. The words used by the testatrix are plain. She said "the surviving grandchildren," and she put this phrase in the last clause of her will. The court must give effect to the ordinary meaning. In the record before us, there is such a class as grandchildren, and they become the owners of the property at the termination of the life estate.

The lower court was right. The case must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.