A. E. STARR et al., Plaintiffs, Appellees, v. EDITH MATHESON NEWMAN et al., Defendants, Appellees, NELLIE M. PARKER, Defendant, Appellant.

No. 44311.

OCTOBER 25, 1938.

Thomas J. Bray, for appellant.

Walter H. McElroy, and McBeth & Stong, for appellees Edith Matheson Newman, George Newman, Sarah C. Wolf, Grant Matheson, and May Matheson.

SAGER, C. J.—John K. Matheson, the construction of whose

will is involved in this controversy, died October 8, 1933, leaving surviving his widow Louie Matheson, and a number of brothers and sisters. All the defendants are relatives of Louie Matheson. Only Nellie M. Parker appeals.

The will of Matheson was admitted to probate, the widow accepting the provisions thereof. She was named executrix and administered the estate so far as the personal property and debts were concerned. In addition to the personal property the testator at the time of his death owned the real estate which is involved in this partition action. It need not be described.

We set out here only so much of the will of Matheson as will present the question we are called on to decide.

After providing for the payment of debts and funeral expenses the will gives the personal property to the wife. The third division, in the event of her survival, gives her a life estate in the real estate. These provisions were in lieu of her statutory rights and, as has been said, she accepted them. The fourth division reads:

"Fourth: In the event my wife survives me, and in the event that she does not accept under the Will, then I will, devise and bequeath that the remainder of my estate shall be distributed as follows:" (a provides for a monument at the graves of his parents; b for the erection of a monument at his own grave and that of his wife.)

"(c) I will to my niece, Nellie M. Parker, the sum of $1000.00, * * *

"(d) The balance and remainder of my estate to be divided equally among my brothers and sisters, then living, * * *.

"Fifth. In the event my wife does not survive me, I will devise and bequeath that my entire estate be divided as follows:" (a provides for the payment of debts; b and c provide for monuments the same as a and b in division 4.)

"(d) I direct my executor to pay to my niece, Nellie M. Parker, the sum of $1,000.00."

Subdivision e directs the division of the remainder of his estate one-half to his brothers and sisters (naming them) and one-half to the brothers and sisters of his wife.

The case was tried on the probate record and on a concession or agreement which stipulates the facts already narrated, and this further: that Nellie M. Parker is a niece of the widow

and a foster daughter of the testator and his wife; that she lived in their home from approximately the age of two years until she married.

On the record thus made the court dismissed the plaintiffs' petition for the reason that they being named in the fifth division of the will would have become entitled to an interest in the proceeds of the sale of real estate only under and by virtue of that division. The court held that said fifth division is not effective because Louie Matheson, the widow, did survive the testator, and that plaintiffs were not entitled to maintain the action in partition in any event because the fifth division of the will provides that the real estate be sold by the executrix and the proceeds divided.

A brother and sister of Louie Matheson, and their spouses, are plaintiffs, and the defendants are all other persons who are or could be interested in the estate, either under the will or in case of partial intestacy. If plaintiffs have any right to any part of the real estate involved it must be under the fifth provision of the will. The brothers and sisters of the testator filed their answer, in effect denying plaintiffs' construction of the will, contending that because the fourth division of the will provides: "In the event my wife survives me, and in the event that she does not accept under the Will," etc., this provision is inoperative because the widow did accept; and that the fifth division failed because the widow did survive the testator. This contention, if sustained by the trial court (and it was), would have the effect of cutting off the Parker legacy. By cross-petition some of the brothers and sisters of the testator asked that the title to the real estate be decreed to be in the heirs of such testator under the laws of inheritance, this because the testator died without having disposed of the real estate by the will. Nellie M. Parker joined in the allegations of plaintiffs' petition and asked that her claim to the $1000 legacy be protected. The court sustained the view of the will contended for by the legal heirs of the testator, this because the fourth division of the will was to be effective only if the wife survived the testator and refused to take under the will; and the fifth failed because the wife survived.

Notwithstanding the wording of the will, Nellie M. Parker argues that the decision of the trial court was wrong, for reasons which may be summed up as follows:

The will does not "plainly and unequivocally" provide for partial intestacy.

The language of the will established a purpose on the part of the testator to dispose of all of his property, and the will disclosed an intention on the part of the testator to provide a bequest of $1,000 for Nellie M. Parker whether his wife elected to take under the will or not.

As a legal conclusion from these contentions, the defendant Parker urges that the ruling of the trial court is contrary to the legal presumption against partial intestacy, and that the construction placed upon the will fails to carry out the intention of the testator. We find no support for these contentions, either in the record, or in the law applicable to the construction of wills.

It is to be remembered that the court cannot make a will for the testator.

In In re Nugen's Estate, 223 Iowa 428, 272 N. W. 638, we quoted as follows from Klumpert v. Vrieland, 142 Iowa 434, 121 N. W. 34:

" 'In passing on the questions thus raised, it will be well to keep in mind the suggestion of Gibson, C. J., in Bash v. Bash, 9 Pa. 260, that the courts have no more authority to make wills for the dead than contracts for the living, according to judicial notions of fitness and propriety, * * *.' " [Page 433 of 223 Iowa, page 641 of 272 N. W.]

In In re Estate of Flannery, 221 Iowa 265, 264 N. W. 68, we said, by Hamilton, J.:

"The court may not make a will for the testator, nor impose upon the will a forced or unnatural construction to accomplish what may seem to be a more just or appropriate distribution of his estate." [Page 270 of 221 Iowa, page 71 of 264 N. W.]

See, also, Gilmore v. Jenkins, 129 Iowa 686, 106 N. W. 193, 6 Ann. Cas. 1008.

The intention of the testator must prevail. Carpenter v. Lothringer, 224 Iowa 439, 275 N. W. 98; Bell v. Bell, 223 Iowa 874, 273 N. W. 906; In re Estate of Thomas, 220 Iowa 50, 261 N. W. 622; Bellamy v. Bellamy, 184 Iowa 1193, 169 N. W. 621. But such intention must be ascertained from the terms of

the will, and from nothing else. Lachmund v. Moore, 192 Iowa 980, 181 N. W. 4; In re Vail's Estate, 223 Iowa 551, 273 N. W. 107; Phillips v. Phillips, 217 Iowa 374, 251 N. W. 511. Of course, in a matter of doubtful construction, surrounding circumstances may be shown to aid in determining what the testator meant by the language used, but in the case before us there are no circumstances shown except as to the relation of Parker to the testator and his wife. Phillips v. Phillips, supra; Ellsworth College v. Carleton, 178 Iowa 845, 160 N. W. 222.

██ It is the rule that a will is to be construed if possible to avoid partial intestacy when the language is uncertain or ambiguous. Central Trust Co. v. Langan, 197 Iowa 1202, 198 N. W. 652. But where there is no ambiguity there is no room for construction. Guilford v. Gardner, 180 Iowa 1210, 162 N. W. 261; Scott v. Scott, 132 Iowa 35, 109 N. W. 293; Gilmore v. Jenkins, supra.

Other cases might be cited, but we refrain from doing so because:

"As a rule it is only the unusual will, unique because of its terminology, or because of the purposes it seeks to attain, which comes before the court for construction. Seldom indeed may there be found in the books, wills which have been judicially interpreted which are identical in terms and purposes with one sought to be construed, so as to form a binding precedent. Hence citations of authority are less helpful in construing wills than in construing other instruments which because of usage are more uniform in language."

We approved the language quoted from the brief and argument of appellants in Bell v. Bell, supra, 223 Iowa 874, 273 N. W. 906.

██ Applying the doctrine laid down by these authorities to the will before us, it would seem that there is no room to question the correctness of the decision of the lower court. Nellie M. Parker was to receive $1,000 only on the happening of the contingency that the wife survived and did not take under the will, or that the wife did not survive. Neither contingency arose. We must take the will as the testator made it, and we cannot aid defendant Parker by a strange, unnatural,

and unwarranted construction of the plain, express, and unambiguous wording of the testament.

It follows that the decree of the trial court is right, and it is affirmed.—Affirmed.

MITCHELL, DONEGAN, RICHARDS, and MILLER, JJ., concur.