## Nance's Executors v. Akers, et al.

(Decided June 16, 1915.)

### Appeal from Graves Circuit Court.

1. Wills—Construction.—If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.

2. Wills—Construction.—Where a testator bequeathed $1,000.00 to his wife, and his household goods, and a sufficient amount of provisions to sustain her for one year, in lieu of all other interest in his estate, and she died before the testator, leaving children by a former marriage, her children took the $1,000.00 bequeathed to their mother by their step-father.

W. J. WEBB for appellants.

HESTER & HESTER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

This appeal involves the construction of the second and fourth clauses of the will of E. T. Nance, deceased, which read as follows:

"2nd. I give and bequeath to my loving wife, M. J. Nance, all of my household goods and a sufficient amount of provisions to sustain her one year; if not on hand, the deficiency to be made up out of other personal property; and I also bequeath to her One Thousand Dollars in money. These provisions are to my said wife in lieu of all other interest in my estate.

"4th. I hereby authorize and empower my executors to sell and convey my real estate, which, with proceeds of any personal property that may be sold, they will make the payments herein provided for, and divide the balance among my children and the issue of those that are dead, as provided for hereinabove."

Mrs. M. J. Nance, the wife, died on July 1st, 1913; the testator, E. T. Nance, died on July 3rd, 1913—two days later.

Mrs. Nance left surviving her two sons by a former marriage, who are the appellees, M. L. Akers and H. R. Akers.

The question for decision is, What interest have they in the $1,000.00 bequeathed to their mother by their step-father?

The circuit court held that they were entitled to the $1,000.00 as the surviving issue of their mother; and, from a judgment to that effect, the executors of the will prosecute this appeal.

The judgment of the circuit court was based upon section 4841 of the Kentucky Statutes, which reads as follows:

"If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will."

While it is conceded by the appellants that the appellees are within the letter of the statute, it is contended that the last sentence in the second clause of the will shows that the legacy to Mrs. Nance was conditional, and was to take effect only in case she survived her husband, thus bringing the case within the exception of the statute above quoted.

In cases of this character, it is entirely obvious, upon principle, that the inquiry to ascertain the intention of the testator must be confined to the provisions of the will. Neither the expressed intention of the testator as shown by extrinsic evidence, nor conjectural expectations as to what he might have done in the event of the death of the legatee, an event not specifically provided for by him, and not shown by anything in the will to have been in his mind, can be allowed to control the legal and established construction, or the natural import of the words used in the will. Redfield on Wills, Vol. 1, p. 621.

It will be observed that the second clause of the will does not give the $1,000.00 to Mrs. Nance upon condition, or in lieu of dower. On the contrary, it is an unconditional bequest to his wife of $1,000.00 in money, which, with the other bequest therein indicated, was to be taken by the wife in lieu of all other interest she might have in his estate. The legacy is in no way conditional upon Mrs. Nance's surviving her husband.

Furthermore, the fourth clause of the will expressly authorized and empowered the executors to sell and convey the testator's real estate for the purpose, and with

the direction, to pay the legacies provided by the will, thus clearly rebutting any idea of conditionality in the legacy. In case Mrs. Nance had survived her husband, she would not have been required to renounce his will in order to take the legacy therein given her; she would have taken under the will without any act of renunciation or election upon her part.

The case thus comes squarely within the provisions of the statute above quoted, and the appellees, as the surviving issue of their mother, took the legacy as the devisee or legatee would have taken if she had survived the testator, the effect of which is to confer upon the surviving issue the same estate and interest under the will as if the devise or bequest had been directly to them instead of to their mother. Carson v. Carson's Exrs., 1 Met., 300; Chenault's Gdn. v. Chenault's Exrs., 88 Ky., 83; Thompson v. Meyers, 95 Ky., 597; Banks v. Cornelison, 159 Ky., 793.

Judgment affirmed.