HORACE MASON et al., Appellees, v. MARY MASON et al., Appellants.

**WILLS:** Construction—Option to Predeceased Devisee. A testamentary *option* to a devisee to take (1) a specified sum of money, or (2) a specified tract of land, is, in and of itself, a *valuable property right*, which is heritable, and in the absence of a contrary intent, passes to the devisee's heirs, in those cases where the devisee predeceases the testator. (Sec. 3281, Code, 1897.)

*Appeal from Scott District Court.*—D. V. JACKSON, Judge.

JUNE 23, 1922.

REHEARING DENIED SEPTEMBER 30, 1922.

ACTION in equity, to construe the will of Sarah Mason, deceased, and for other relief. There was a decree for plaintiffs, as prayed, and the defendants appeal.—*Reversed and remanded.*

*J. A. Hanley* and *Sam H. Erwin*, for appellants.

*Lane & Waterman* and *Andrew L. Chezem*, for appellees.

WEAVER, J.—I. Sarah Mason, widow, a resident of Scott County, Iowa, died testate, March 4, 1919, leaving as her surviving heirs at law the following children: Horace Mason, Sadie Mason, Lena Fields, Catherine Gilmouor, Mabel Kloppenberg, George Mason, and B. F. Mason. She was predeceased by another son, James Mason, who left a widow, Mary Mason, and five children, William Mason, Hanna Kohl, Maude Oeldrich, Melvin Mason, and Raymond Mason. Included in the estate of Sarah Mason was a tract of about 43 acres of land in Scott County, the more particular description of which is not now material. The will left by the testatrix bears date of October 12, 1910, at which date all of her children, including James, were living. James died intestate, June 14, 1917. The will of the mother has been duly probated. The will provides, in paragraphs: (1) For the payment of debts; (2) the bequest to the daughters of the household goods, silverware, dishes, clothing, and personal effects; (3) the bequest to the daughter

Catherine of $2,000; (4) a provision for the son James, here-inafter quoted in full; (5) bequest to George W. Mason of $1,000; (6) bequest to B. F. Mason, $2,000; (7) bequest to Mabel, $2,000; and (8) residuary devise to Horace and Sadie of all the remainder of her estate in equal shares. The final paragraph names Horace and Lena as executors of the will, and exonerates them from giving bonds as such. The paragraph making provision for James, omitted from the foregoing statement, is in words as follows:

"Paragraph IV. I give and bequeath to my son, James Mason, the sum of two thousand dollars, provided, however, at his election. I give and bequeath to him in lieu of such sum if he so elects, all that part of the south half of the northwest quarter (S½ NW¼) of Section Nine (9), Township Eighty (80), Range Three (3), Scott County, Iowa, lying south (S) of the right of way of the Chicago, Rock Island & Pacific Railway Company, owned by me containing forty-three (43) acres, more or less. I hereby give my said son the right to take either said bequest of two thousand dollars ($2,000) or the devise of said real estate as he may elect. Such election to be made by him within six (6) months of the probate of my will."

In this action, the plaintiffs, as the residuary devisees under the will of Sarah Mason, seek to confirm and establish their claim of title to the 43 acres of land mentioned in the paragraph above quoted, it being their theory that the death of James in the lifetime of the testatrix, and before his right to elect between the gift of $2,000 and the devise of the land had matured, operated to render the provision for such right of election entirely nugatory, and that said paragraph is effective only to vest in the heirs of James the right to receive the legacy of $2,000, and no more. On the other hand, the heirs of James Mason assert that, under the terms of the will and the provision of our statute, Code Section 3281, they became vested, on the death of Sarah Mason, with the right to elect between the devise of the 43 acres of land and the legacy of $2,000, and that they did, in fact, make such election within six months after the death of the testatrix; and they ask to have their title quieted accordingly. The trial court sustained the plaintiffs' theory, and by its decree quieted the title to the land in the plaintiffs, as the

residuary devisees under their mother's will. From that decision the defendants appeal.

Stated briefly, the theory upon which the trial court reached its conclusion is that the right or privilege of election conferred upon James by the will was purely one of personal privilege, which he alone could exercise, and was, therefore, extinguished by his death before the will became effective. In other words, the issue is whether the fourth paragraph of the will, fairly construed, is simply a bequest to James of a legacy of $2,000, coupled with a privilege on his part to take the land instead of the money, if he should outlive his mother, and should so elect; or is it a gift by the mother to her son of a substantial property right, which survived him and vested in his heirs when the will became effective by the death of the testatrix? In briefs evincing much care in preparation, counsel for appellees affirm the first proposition, on the theory that the right given James to take the land was a purely personal privilege, which expired with his death in his mother's lifetime. In other words, if this theory be correct, the will is to be read and construed precisely as if all that part of Paragraph IV after the words, "I give and bequeath to my son James Mason the sum of two thousand dollars," were stricken out. In view of the present state of the law of wills, and of the descent and distribution of the estates of deceased persons, as affected by statutes modifying or changing rules of the common law, we think it must be said that considerable of the discussion indulged in is beside the mark. It is, of course, to be conceded, as an abstract proposition, that a mere privilege which is of a purely personal character expires with the person to whom it is given. The trouble comes, if at all, in determining whether the proved or conceded facts disclose a privilege only, or a substantial property right. In the case now before us, there is no material dispute concerning the facts.

At common law, it was a well settled rule that, upon the death of a devisee or legatee before the will became effective by the death of the testator, the devise or bequest lapsed. In most jurisdictions, that rule has been abolished or materially changed by statute. Our own statute, Code Section 3281, reads as follows:

"If a devisee die before the testator, his heirs shall inherit

the property devised to him, unless from the terms of the will a contrary intent is manifest."

Under this provision, it has been uniformly held that the heirs of a devisee who dies before the will becomes effective take by way of substitution for their deceased ancestor, and derive their title directly from the testator, and not from or through such ancestor. *In re Estate of Hulett,* 121 Iowa 423, 426. By virtue of the statute, then, heirs of a predeceased devisee inherit or take directly from the testator the same property right or interest in the estate which would have been taken by the named devisee, had he been living when the will became effective. Thus we are led back to the primary inquiry in this case as to the nature of the right which the will of Sarah Mason conferred upon James Mason. Contrary to the view entertained by the appellee and by the trial court, we are led to the conclusion that the gift to the son is something more than a simple money legacy, coupled with a personal privilege to take the land in lieu thereof. Among the reasons for such holding, we may mention the following: (1) To hold as the trial court did would require us to construe the privilege or right given James to choose between the money and the land as if the testatrix had qualified it by adding thereto the words, "if he survive me." This, we think, we are not authorized to do. We may construe a will, but we cannot properly assume to make one for the testatrix, or to insert therein conditions not fairly expressed by herself. (2) It is not, as counsel argue, a devise or bequest "upon condition," either precedent or subsequent. It is the gift or devise of a valuable right, by which he may, at any time within six months after his mother's death, acquire from her estate either the sum of money or title to the described land. To illustrate and emphasize this distinction, let us suppose that a testator, in a properly executed will, makes provision for his two sons, as follows:

"(A). To my son John I give and bequeath the sum of $2,000, with the personal privilege to him, if he shall so elect within six months after my death, to take, in lieu of such bequest, the title to the north 40 acres of my farm.

"(B). To my son William I give the right to choose between the sum of $2,000 in money from my estate and the title

to the south 40 acres of my farm, such choice to be determined by him within six months after my death.''

These two provisions have, in some respects, a degree of similarity; but, as will be readily seen, they differ widely in their legal effect. Paragraph A is clearly a bequest of $2,000 to John, with a personal privilege to him, if exercised within the stated time limit, to receive the described tract of land. If he does not exercise the privilege so given, or his death intervenes to make it impossible, no other person can exercise it for him, and the bequest vests at once, as if the privilege never had been given. Paragraph B, however, is neither a bequest of money nor a devise of land. It gives to William a right of choice between receipt of $2,000 and the title to land of, presumably at least, equal value. If such a testamentary provision be valid,—a proposition upon which there can be no doubt,—the right so created, as we have already said, is more than a mere personal privilege. It is a valuable property right, capable of being transmuted by its beneficiary into terms of money or title to land. It is true that, under such a will, no title to a specific bequest or devise of a specific tract of land vests at once in the beneficiary, upon death of the testator. What does vest at once is the *right to a choice* between the money and the land. When that choice is made within the time fixed, title to the thing chosen at once vests in the beneficiary by relation as of the date when the will became effective. Such right is *property*, and as property, susceptible of private ownership, whether acquired by purchase, gift, or will. It is a heritable interest which, upon death of the owner, passes in the line of succession prescribed for it by the law of the jurisdiction.

II. Assuming, then, that there is the distinction we have mentioned between a testamentary provision for a money bequest with personal privilege to the legatee to take land instead of the legacy, and a provision giving the legatee a right of choice between a stated sum of money and the title to land, the choice to be made after the death of the testator, let us inquire into which class the fourth paragraph of the will falls. The language of the paragraph is somewhat involved, but can hardly be called obscure or difficult. Quoting and punctuating literally as it is written, it says:

"I give and bequeath to my son, James Mason, the sum of two thousand dollars ($2,000.00), provided, however, at his election. I give and bequeath to him in lieu of such sum if he so elects, all that part [describing the 43 acres of land]. I hereby give my said son the right to take either said bequest of two thousand dollars or the devise of said real estate as he may elect. Such election to be made by him within six (6) months of the probate of my will."

The will as a whole indicates that, subject to the rights of the residuary legatees, the mother was endeavoring to make a fairly equal division of her estate between her children. It appears, however, that, while preserving reasonable equality of favor between them, she desired to make a special provision for James. The reason for this is not disclosed, nor is it material that we should know. It is shown by the record that James himself was a man of quite mature years, having a large family of his own; and that may have served to inspire this feature of her will. If the paragraph is to be interpreted as being primarily or in essence a simple bequest of $2,000, and the remaining clause as providing a purely personal privilege to take the land, in lieu of the money, then, of course, appellees' position is impregnable, and the decree below should be affirmed. But when we come to examine the will with care, in the light of the undisputed facts, we find ourselves unable to adopt that construction. Had it been her purpose to restrict the right to take the land to James in person, to the exclusion of his family of children, or if she desired to limit the time within which the choice could be made to the lifetime of James, it would seem to have been the easy and natural thing for her to so express herself, in unequivocal terms. This, as we have before noted, she did not do.

Again, if such were her purpose, the paragraph would have sufficiently expressed it had she stopped with the description of the land. It would seem, however, that, having once made this provision for James, and fearing that her thought was not clearly expressed, she emphasized it by repetition in unmistakable terms, as follows:

"I hereby give my said son the *right to take either* said bequest of $2,000 or the devise of said real estate as he may elect."

This statement of her purpose brings the case directly and literally within the rule which we have attempted to state in the preceding paragraph of this opinion, and have illustrated in the example we have marked B. In other words, taking the language of the testatrix in its entirety, it is not to be construed as a mere money bequest, with a personal privilege to James to ·take the land, if he outlived his mother, but was a testamentary gift to him of *a right of choice* between two items of valuable property, such right of choice being, in itself, heritable property. In the nature of things, such choice could not be made until the mother's death, and the will provides that this may be done within six months after its probate.

III. Counsel give much attention to the authorities upon the subject of ''election,'' as that word is used in the settlement of estates of deceased persons; but the precedents relied upon are not altogether in point here. A typical case of that class is presented where the widow elects between the retention of the rights and benefits which she acquires in her deceased husband's estate by operation of law, and the rights and benefits which she may acquire under his will. She may refuse to elect, or may stand silent, and remain vested with all the rights with which the statute has already clothed her. But in a case like the one now before us, where the devisee is not a surviving spouse, and therefore acquires nothing by operation of law, and the gift is of a right to choose between two different items of estate property, there is no ''election,'' in the strict technical sense of the word. The devisee may refuse or neglect to utilize such right of choice, and by his silence permit both items of property to fall into the residuum of the estate; or, if he act within the time given by the will, he may designate the item of his choice and acquire title thereto which will relate back to the death of the testator.

IV. Returning, then, to the statute,. Code Section 3281, we find it providing in clear terms, already quoted, that:

''If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest.''

There is in this will nothing whatever which makes manifest an intention on the part of Sarah Mason that, in the event

of the death of James before the will became effective, his children and heirs at law should be excluded from all share in her bounty. The quoted statute was in force then as now; and it is to be presumed that, in making this will, she contemplated the possibility that James would predecease her, and that, in such case, his heirs would inherit the property so devised to him. The devise to him was in words too clear to admit of any modification by construction:

"The right to take either said bequest of $2,000 or the devise of said real estate as he may elect. Such election to be made by him within six months of the probate of my will."

Death having intervened to prevent the utilization of such right by James in person, his heirs succeeded thereto by inheritance. Within the time limit fixed by the will, those heirs exercised the right of choice so acquired, and thereby perfected their title to the land. That the property right and interest inherited by the heirs of the deceased devisee are the same which the devisee himself would have been entitled to take under the will, had he survived the testator, is not only assured by the statute itself, but such has been the repeated holding of the court. In the recent case of *McAllister v. McAllister*, 183 Iowa 245, 248, this court, in a carefully prepared opinion by Ladd, J., stated the effect of Code Section 3281, as follows:

"The heirs of the predeceased devisee take by substitution under the will,—that is, the heirs of said devisee are substituted by statute in place and stead of the devisee, and are *entitled to the property devised precisely as the devisee would have been,* had he outlived the testator."

It is, moreover, a well settled proposition of law that a substitutionary devisee takes under the will, subject to all the incidents, conditions, and limitations attaching to the original gift. *In re Estate of De Laveaga,* 119 Cal. 651.

For the reasons hereinbefore expressed, we hold that the right devised by Mrs. Mason to her son James was a heritable property right, and that his heirs succeeded to such right, under and by virtue of the will and of the statute applicable thereto.

It follows that the decree appealed from must be reversed and cause remanded for decree in harmony with this opinion, and for such further proceedings as may be required for final

settlement of the estate of the said Sarah Mason.—*Reversed and remanded.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.  •