CHARLES LONGERBEAM, EXECUTOR, *v.*
CHARLES T. ISER ET AL.
[No. 33, April Term, 1930.]

*Decided June 10th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles G. Watson,* for the appellant.

*Horace P. Whitworth,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

There are two questions presented by this appeal:

1. Had the orphans' court jurisdiction to determine whether a legacy in lieu of dower bequeathed to a wife by the will of her husband, who survived her, was saved from lapsing, and vested in her next of kin, by virtue of section 335 of article 93 of the Code?

2. If the orphans' court had the requisite jurisdiction, did it correctly decide that the legacy did not lapse but was distributable to the legatee's next of kin under the Code provision just cited?

The bequest is contained in the will of George H. Longerbeam, of Allegany County, and is in the following form: "Out of the proceeds of the sale of said real estate, I bequeath to my wife, Alice Longerbeam, the sum of two thousand dollars in cash, which said sum I direct my executor to pay to my said wife out of the first moneys he shall receive from the sale of said real estate. Said sum of two thousand dollars will be in lieu and in full of any dower rights which my said wife might have in both my real and personal estate."

The will was executed in 1914, and the testator's wife died in 1918, while his death did not occur until 1929.

It is provided by article 93, section 335, of the Code: "No devise, legacy or bequest, shall lapse or fail of taking effect by reason of the death of any devisee or legatee (actually and specially named as devisee or legatee, or who is or shall be mentioned, described or in any manner referred to, or designated or identified as devisee or legatee in any will, testament or codicil) in the lifetime of the testator, but every such devise, legacy or bequest shall have the same effect and operation in law to transfer the right, estate and interest in the property mentioned in such devise or bequest as if such devisee or legatee had survived the testator."

Under that section, when applicable, a legacy to one who died in the testator's lifetime passes to the legatee's next of kin living at the time of the testator's death. *Courtenay v. Courtenay,* 138 Md. 204; *McComas v. Wiley,* 134 Md. 572; *McLaughlin v. McGee,* 131 Md. 156; *Hemsley v. Hollings-*

*worth,* 119 Md. 440; *Vogel v. Turnt,* 110 Md. 199; *Wallace v. Dubois,* 65 Md. 161. But the executor of Mr. Longerbeam's will disputed the right of the deceased wife's next of kin to the legacy in question upon the theory that the bequest, being in lieu of dower, indicated an intention on the part of the testator that his wife was to receive the bequeathed sum only in the event that she survived him, since the dower interest for which the legacy would be substituted was contingent upon her survivorship. The jurisdiction of the orphans' court to determine such a question was denied by the executor upon the ground that it involved a construction of the will, and that it was necessary to resort to a court of equity for that purpose. The orphans' court overruled the objection to its jurisdiction, and decided in favor of the next of kin's claim to the legacy, and the appeal is from the order giving effect to those conclusions.

In the recent case of *Collins v. Cambridge Maryland Hospital,* 158 Md. 112, it was said in the opinion delivered by Chief Judge Bond: "While it is true that no power has been conferred upon orphans' courts, in terms, to construe wills, and they have been forbidden by statute to exercise under pretext of incidental power or constructive authority any jurisdiction not expressly conferred by law (Code, art. 93, sec. 271), it has been recognized by this court that construction of wills is sometimes involved in the exercise of powers expressly conferred." In that case the orphans' court was held to have jurisdiction to determine whether certain corporations claiming the right to intervene as legatees in opposition to a caveat against the will were the institutions to which the will intended to refer. This court had previously declined to adopt the view that orphans' courts had no authority to construe wills, and had recognized the existence of such jurisdiction as incident to the supervision and control of accounting by executors with respect to the payment of legacies to the persons intended and entitled. *Hagerstown Trust Co., Executor of Mealey,* 119 Md. 224-232. It was held in *Brannan v. Ely,* 157 Md. 100, that the orphans' court had competent power to direct the distribution of a testa-

tor's residuary estate to his next of kin, and to determine as of what period they should be ascertained, because of intestacy adjudicated as existing in consequence of the failure of certain trust provisions to become operative. Involved in that decision was an interpretation of the will as affecting the question of intestacy and the time to which the identification of the next of kin should relate, but the jurisdiction of the orphans' court to make such determination was definitely sustained. It had already been decided that orphans' courts have authority to determine who are next of kin (*Blackburn v. Crawford,* 22 Md. 447; *McComas v. Wiley, supra*), and "to determine what is to be distributed and who are legatees" (*Pole v. Simmons,* 45 Md. 246; *Redwood v. Howison,* 129 Md. 577-592). In *Glenn v. Belt,* 7 G. & J. '362, the appeal was from an order of the orphans' court construing the statute against lapsing of devises and legacies, and in *Roane v. Hollingshead,* 76 Md. 369, this court affirmed an order of the orphans' court holding that a woman's marriage did not revoke her will previously executed.

The question presented to the orphans' court in this case was whether a legacy to the testator's wife, who died before the will took effect, was payable to her next of kin under the statute quoted. In reaching its conclusion the court was required to consider and dispose of the contention that, as the bequest was expressly made in lieu of dower, it was intended to be payable only if the wife survived the testator, and that hence the statute was not applicable. But authority to decide as to the effect of the will in that respect was essential to the effective discharge of the orphans' court's function and duty to determine who were entitled to receive the bequeathed fund. It was within the recognized power of that court to adjudicate such a question, and the objection to its jurisdiction was properly overruled.

In the conclusion of the orphans' court that the legacy was payable to the next of kin of the deceased wife of the testator we also concur. The terms of the bequest, when considered in connection with the statute, are entirely consistent with the decision under review. The will must be presumed

to have been made with knowledge by the testator of the existence of the statute and of its effect in preventing the legacy from lapsing and in vesting it in his wife's next of kin, if she died in his lifetime. *Redwood v. Howison, supra; Duering v. Brill,* 127 Md. 104-112; *Hemsley v. Hollingsworth, supra; Vogel v. Turnt, supra.* With that presumptive knowledge the testator left his will unchanged during the period of eleven years intervening between the death of his wife in 1918 and his own decease in 1929. If the testator had desired that the statute should not apply and that the bequest should be contingent upon his being survived by his wife, he would doubtless have used the brief and simple terms by which that intention could have been readily expressed. In view of his significant omission to qualify the bequest to his wife by the words "if living at my death" or other conditional terms, or to avail himself of the ample opportunity to revoke the legacy after her decease (*Redwood v. Howison, supra*), we are unable to attribute to the recital that it was in lieu of dower the indication of a purpose by the testator that the bequest should be other than absolute.

*Order affirmed, with costs.*