ANITA PHILLIPS *v.* CLARA HEILENGENSTADT
ET AL.
FANNIE OBRECHT ET AL. *v.* CLARA HEILENGEN-
STADT ET AL.

[Nos. 60, 61, October Term, 1937.]

*Decided December 10th, 1897.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Frederick H. Hennighausen,* with whom were *Hennighausen & Stein* on the brief, for the appellant in No. 60.

*Malcolm J. Coan,* with whom was *Paul B. Mules* on the brief, for the appellants in No. 61.

*Charles E. Moylan* and *Theodore R. McKeldin,* with whom was *Michael Paul Smith* on the brief, for all appellees except the executor.

*Venable, Baetjer & Howard,* submitting on brief, for the executor.

URNER, J., delivered the opinion of the Court.

In the will of Mary Hetzell, of Baltimore City, is the following residuary clause:

"All the rest and residue of my estate, of every kind

and description, including any property over which I have the power of disposition, I give and bequeath to my brothers and sisters living at the time of my death, the child or children then living of any deceased brother or sister to take the share or portion to which the parent would have been entitled, if living, per stirpes and not per capita."

The will was executed on January 9th, 1935, and Mrs. Hetzell, the testatrix, died on November 30th in that year. Two of her brothers and one of her sisters had died before the execution of her will. At that time, and when she died, there were living a brother and a sister of the testatrix, eight nephews and nieces, five of whom were children of a deceased sister, Fannie Schultz, two of whom were children of a deceased brother, Lee Phillips, and one of whom was a son of Harry Phillips, a deceased brother; and there were three grandnieces, of whom two were daughters of Betty Oats, a deceased daughter of Mrs. Schultz, and one was a daughter of Frank Phillips, Jr., a deceased son of Frank Phillips, one of Mrs. Hetzell's brothers who died, as did his son, before her will was executed.

The question to be determined is whether the three grandnieces of the testatrix are entitled to share in her residuary estate under the terms of the clause which we have quoted. As they are not children, but are grandchildren, of the deceased brothers and sisters, they could not be admitted to participation in the estate unless the context of the clause, or of the will, may give a broader than ordinary meaning to its designating terms. It has been definitely and repeatedly held by this court that when there are persons answering to the description of "children" in a devise or bequest, grandchildren are not to be included in that classification unless the will plainly manifests such an intention. *Cowman v. Classen,* 156 Md. 428, 144 A. 367; *Billingsley v. Bradley,* 166 Md. 412, 171 A. 351; *Stahl v. Emery,* 147 Md. 123, 127 A. 760; *Merowitz v. Whitby,* 138 Md. 222, 113 A. 651; *Burden v. Burden,* 130 Md. 551, 100 A. 776. The effect of the

Maryland decisions on the subject is thus stated in *Miller, Construction of Wills,* p. 234, as follows: "The legal construction of the word 'children' accords with its popular signification, designating immediate offspring and not more distant descendants. In all cases in which it has been extended to a wider range of objects, it was used synonymously with a word of larger import, such as the word 'issue' or 'heirs' or 'descendants.' The words 'child or children', in their usual sense, are words of purchase, and not of limitation, and are always so regarded, unless the testator has unmistakably used them as descriptive of the extent of the estate given, and not to designate the donees. It is only in special and peculiar cases, where such construction is necessary to effectuate the manifest intention of the testator, that they will be taken as words of limitation and construed to be equivalent to the words 'issue' or 'heirs of the body.' "

In this case, therefore, we are limited to the inquiry whether it is apparent from Mrs. Hetzell's will that she intended the three grandnieces to have the shares of her estate to which their parents would have been entitled if they had survived. It is significant that although, as the testatrix knew, the parents of the grandnieces were dead when she made her will, there was an omission to include them as legatees by specific description, and that while the will, independently of the residuary clause, contains bequests to each of the surviving nieces and nephews, it makes no similar provision for the grandnieces.

It is argued that the use of the words "per stirpes and not per capita" in the residuary clause indicates an intention to include descendants generally of deceased brothers and sisters and not to restrict the distribution to their children. The evident purpose of the testatrix in the use of those terms was to accentuate the provision that the child or children of a deceased brother or sister should take the share to which the parent would be entitled if living. While the addition of the words "per stirpes and not per capita" were unnecessary to make clear that already expressed design, they could not well be construed

as enlarging its scope and effect. As there were eight nephews and nieces who were children of two deceased brothers and a deceased sister of the testatrix, the phrase "per stirpes and not per capita" was at least useful in emphasizing the intention that the shares of the deceased parents should not be distributed equally among all of their children as a combined class, but that the child or children of each deceased brother or sister should receive the share to which the parent if living would have been entitled. *Lycett v. Thomas,* 153 Md. 443, 138 A. 225; *Newlin v. Mercantile Trust Co.,* 161 Md. 622, 158 A. 51. The term "per stirpes" referred to the vesting of such shares in the children then living of the deceased parents, and not to the transmission of those portions of the estate to more remote descendants.

But it is argued that such an intention may be inferred from the designation by the testatrix of her surviving "brothers and sisters" as primary legatees, when she had only one brother and one sister living at the time her will was prepared. In our opinion that is not a sustainable inference. There had been four brothers and two sisters of the testatrix, and the residuary clause, as we understand it, was referring to those of her brothers and sisters, as a formerly existing group, who might be living at her death.

The bequest to "brothers and sisters" and the "child or children then living" of a deceased brother or sister, distinctly describes classes of legatees selected by the testatrix as the objects of her bounty, under the residuary provision of her will, and as there is no manifestation of an intention that the descriptive terms actually employed by the testatrix should have a broader meaning than they ordinarily import, we are unable to hold that the grandnieces have a right to share in the estate.

By the order from which they have appealed the Orphans' Court provided for the distribution of the residuary estate under the will in accordance with what we regard as its proper interpretation. The jurisdiction of that court to determine such a question for the pur-

poses of distribution is not questioned, and is well recognized. *Longerbeam v. Iser,* 159 Md. 244, 150 A. 793; *Collins v. Cambridge Maryland Hospital,* 158 Md. 112, 148 A. 114; *Brannan v. Ely,* 157 Md. 100, 145 A. 361; *In re Hagerstown Trust Co., Executor of Mealey,* 119 Md. 224, 86 A. 982.

*Order affirmed, the costs to be paid out of the residuary estate.*