IN RE ESTATE OF PETER H. SCHROEDER.

CHARLES SCHROEDER et al., Appellants, v. A. R. NIEMAND, Administrator, et al., Appellees.

No. 45241.

August 6, 1940.

Rehearing Denied November 22, 1940.

Eagleton & Eagleton and Charles E. Wittenmeyer, for appellants.

Chamberlin & Chamberlin, for appellees.

Miller, J.—This estate was the subject of a former ap-

peal to this court. See Anderson v. Meier, 227 Iowa 38, 42, 287
N. W. 250, 252. It is there pointed out that the wife of the
decedent herein, Elsie Haak Schroeder, died January 17, 1937,
leaving a will, executed July 5, 1934, by the terms of which
she provided for certain specific legacies and bequeathed the
balance of her estate, one half to her husband, Dr. Peter H.
Schroeder, decedent herein, and one sixth to each of her three
sisters. Dr. Schroeder died two days later, January 19, 1937. By
the terms of his will, executed February 25, 1925, after pay-
ment of debts and funeral expenses, he devised and bequeathed
the entire estate to his wife, who was nominated executrix of
the estate. Both wills were admitted to probate. An inde-
pendent action in equity was commenced to secure a construc-
tion of the two wills. The action was dismissed. On appeal from
such judgment, we affirmed the same, holding that there was no
sufficient showing of grounds for equitable jurisdiction. Our
decision, however, was ''without prejudice to the right of the
plaintiffs to assert their claims herein made in the probate court
in the two estates in the settlement and distribution thereof.''

Pursuant to our decision on the former appeal, the ques-
tions there raised have been reasserted in the probate court in
the two estates. The basis for distribution in Mrs. Schroeder's
estate, as fixed by the probate court, is not challenged herein.
This appeal involves only the question of the distribution of
Dr. Schroeder's estate.

The administrator, with will annexed, in Dr. Schroeder's
estate, filed a report, listing the heirs of Mrs. Schroeder as the
devisees of the estate, asserting that all debts have been paid,
the estate is ready for distribution, and asking that he be author-
ized to make distribution to such devisees and close the estate.

The heirs at law of Dr. Schroeder, all collateral heirs, filed
objections to the administrator's report and proposed distribu-
tion, asserting that Dr. Schroeder died after his wife but be-
fore he could revoke his will, he was devoted to his brothers and
sisters but disagreed with his wife's relatives; the will mani-
fests an intention contrary to the anti-lapse statute (section

11861 of the Code, 1935) and the devise to Mrs. Schroeder lapsed at her death; if such devise did not lapse, no election to take under the will was filed, as required by section 12006 of the Code, 1935, and, the time for filing such election having expired, no such election can be filed; the two wills are reciprocal wills and, since Mrs. Schroeder did not survive, the devise to her cannot be given effect; under the terms of the will and the law applicable thereto, the heirs of Mrs. Schroeder are not entitled to receive distribution of the estate as proposed by the administrator. The prayer was that the objections be sustained and that the objectors, as heirs at law of Dr. Schroeder, be ordered to receive all, or at least two thirds, of the estate as intestate property.

The administrator and the heirs at law of Mrs. Schroeder filed a motion to strike said objections, asserting 15 grounds in support thereof. Ground No. 7 was withdrawn. The other 14 grounds asserted the following propositions: The two wills and the allegations of the objections show that the objectors have no interest in the estate; no facts are asserted which would entitle objectors to relief; objectors seek to repeal the anti-lapse statute and make new wills for the decedents; there is no ambiguity in either will and no evidence is admissible to determine the matters asserted, under the decision in Anderson v. Meier, supra; the two wills are not mutual reciprocal wills because not made at the same time, only one half of Mrs. Schroeder's estate was bequeathed to Dr. Schroeder, and no facts are alleged as showing an intention to make joint and reciprocal wills; objectors plead inconsistent causes of action; no election is necessary unless there is a surviving spouse; there is no showing that Mrs. Schroeder would not have accepted the devise had she survived; objectors failed to assert their claims within one year after probate of the will and same are barred; if a devisee dies before the testator, his heirs inherit the devise, unless, from the terms of the will, a contrary intent is manifest, which is not true here; the probate of the will is conclusive.

It will be noted that the motion to strike was in the nature of a demurrer to the objections. It was so treated by the court

and counsel. The motion was sustained, the objectors elected to stand upon the ruling, judgment was entered accordingly and the objectors appeal therefrom.

I. As stated above, appellants, in their objections to the report of the administrator and the proposed distribution of the estate, asserted that the two wills are "reciprocal" wills and, since Mrs. Schroeder did not survive Dr. Schroeder, the devise to her cannot be given effect. Appellants cite the case of Anderson v. Anderson, 181 Iowa 578, 164 N. W. 1042, wherein we discuss at length mutual and reciprocal wills. At page 584 of 181 Iowa, page 1044 of 164 N. W., we state:

"In a joint or mutual will for the benefit of the survivor, there is an element which partakes of the nature of contractual obligation. * * * Much of the confusion and doubt which is liable to arise over cases of this kind is readily removed if we keep in mind the essential truth that the two instruments *constitute a single will*, and that it is, in all essential respects, the *will of the first to die*, and when such death occurs and the will is thereby made effective and is established in probate, such joint or mutual instrument has served its full purpose, and it has no further existence as the will of the survivor."

An interesting discussion of joint and mutual wills appears at pages 15 to 24 of the Bar Association Section of Volume 24, Iowa Law Review (November 1938) [Iowa Bar Review, Volume V]. It is there pointed out that, under the decisions of this court, "It is the contractual element which distinguishes joint and mutual wills from other wills." For recent decisions to this effect, see Child v. Smith, 225 Iowa 1205, 282 N. W. 316; Maurer v. Johansson, 223 Iowa 1102, 274 N. W. 99; Maloney v. Rose, 224 Iowa 1071, 277 N. W. 572. In appellants' objections to the report of the administrator herein, there are no allegations that the two wills were executed pursuant to a contract that they be mutual and reciprocal. The facts which are asserted are wholly insufficient to even indicate that such was the case. Dr. Schroeder's will, which is the one we are asked to interpret, was executed February 25, 1925.

Mrs. Schroeder's will was not executed until over nine years later, July 5, 1934. Different attorneys appear as witnesses to the two wills. While Dr. Schroeder gave his wife all of his estate, Mrs. Schroeder gave her husband only one half of the remainder of her estate after making certain specific legacies. The facts, asserted by appellants and shown by the record, are wholly insufficient to support a finding that, when Dr. Schroeder executed his will on February 25, 1925, he did so pursuant to a contractual arrangement with his wife that she would also execute a will in his favor and that the will, executed by her nine years later, July 5, 1934, was such will. The rules, applicable to mutual and reciprocal wills, do not apply to Dr. Schroeder's will.

■ II. This brings us to the question of interpreting section 12006 of the Code, 1935, which provides:

"The survivor's share cannot be affected by any will of the spouse unless consent thereto is given as hereinafter provided."

Sections 12007 to 12015, inclusive, then prescribe the method of election, between the devise in the will and the distributive share provided by law for the surviving spouse, and the effect to be given a failure to make such an election. Appellants contend that these statutes were not complied with and, accordingly, Mrs. Schroeder's heirs are limited to her distributive share and cannot take under the devise.

We see no merit in appellants' contentions, because the statutes have no application to the situation before us. Section 12006 refers to "the survivor's share". Mrs. Schroeder did not survive Dr. Schroeder. Section 12006 applied to Dr. Schroeder's distributive share only because he alone survived. Where a spouse does not survive, there is no distributive share provided by law. There must be at least two rights available before one can be said to have a choice between them.

"Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he

1204

derives one that he should not enjoy both." 69 C. J. 1089, section 2330.

As to Mrs. Schroeder's heirs, there was only one basis for recovery. That was under the devise, as affected by the "anti-lapse" statute. Since no choice was available, no election was required. Since they had no election to make, their failure to make an election cannot be prejudicial to them.

 III. The final question to be decided is the interpretation of the "anti-lapse" statute, section 11861 of the Code, 1935, as applied to the facts before us. This statute provides as follows:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

Mrs. Schroeder was the sole devisee under Dr. Schroeder's will. She died before he did. Her heirs inherit the property devised, "unless from the terms of the will a contrary intent is manifest." Appellants contend that such contrary intent is manifest. The court held otherwise and correctly so.

The will reads as follows:

"I, Peter H. Schroeder, of Davenport, Scott County, Iowa, being of sound and disposing mind do make, publish and declare this to be my last Will and Testament, hereby revoking all wills by me at any time heretofore made.

"ITEM I.

"I direct that all my just debts and funeral expenses be first paid out of my estate.

"ITEM II.

"All the rest, residue and remainder of my estate, real, personal and mixed, of which I may die seized or possessed, or to which I may be entitled, I devise and bequeath to my beloved wife, Elsie H. Schroeder, of Davenport, Scott County, Iowa.

"ITEM III.

"It is my will and I hereby appoint my said wife, Elsie H. Schroeder, Executrix of this my Last Will and Testament, and

hereby exonerate her from giving bond for the faithful discharge of her duties as such, and I hereby authorize my said Executrix to sell and dispose of the property belonging to my estate without obtaining an order of Court to do so.

"In Witness Whereof, I hereunto set my hand this 25th day of February, A. D. 1925.

"Peter H. Schroeder."

The gist of appellants' contention is that Item II of the will should be construed as though the testator had added, at the end thereof, the words, "if she survive me." We see no basis for such interpretation.

Appellants contend that "the terms of the will—including the nature of the gift, the relationship of the devisee to the testator, and the relationship of the devisee's heirs to the devisee and the testator—may indicate the contrary intent."

Appellants rely upon the cases of Herring v. Herring, 187 Iowa 593, 174 N. W. 364, and Tennant v. Smith, 173 Iowa 264, 155 N. W. 267. In each of those cases, the testatrix devised to her husband the same identical interest in her estate that is provided by law in case of intestacy. The basis for such decision is stated in the Herring case at page 595 of 187 Iowa, page 365 of 174 N. W., as follows:

"It is well settled that, where a devise in a will gives the same estate to the devisee that he would take under the statute of descent, if there were no will, the beneficiary in such case still takes the 'worthier title' by descent, and not under the will. Rice v. Burkhardt, 130 Iowa 520 [107 N. W. 308]; Tennant v. Smith, 173 Iowa 264 [155 N. W. 267]; Gilpin v. Hollingsworth, 3 Md. 190 (56 Am. Dec. 737, 738); Post v. Jackson, 70 Conn. 283 (39 Atl. 151); Davidson v. Keohler, 76 Ind. 398."

Pursuant to this rule of law, we held that the terms of the will manifested an intention that the spouse take "the worthier title" by descent and distribution, rather than by will, and, since such "worthier title" was dependent upon the spouse

surviving the testatrix, the terms of the will manifested an intention that the devise lapse. However, the rule in reference to the "worthier title", which we applied in each of those cases, was applicable only because the devise was exactly the same as the distributive share of the spouse. Under the record herein, had Mrs. Schroeder survived Dr. Schroeder, section 12017 of the Code, 1935, would have applied and her distributive share of the estate would have been the first $7,500 thereof and one half the excess. The will gave her the entire estate. The Herring case and the Tennant case are not in point.

A case that is directly in point is that of In re Will of Watenpaugh, 192 Iowa 1178, 1183, 186 N. W. 198, 200, wherein we state:

"The will gave her more than the law would have given her, and, had she survived the testator, she would have taken more under the will than she could have taken under the statute. That being true, the rule invoked that she would take under the law as the worthier title does not apply, and the heirs of the predeceased legatee are entitled, under Section 3281 of the Code, to at least so much of the entire estate bequeathed to the predeceased legatee as was in existence and available to them at the time of the death of the testator."

In appellants' objections to the proposed distribution herein, they state: "The devisee's (spouse's) heirs, who would benefit by an anti-lapse provision, are collateral relatives of the devisee and are not related to the decedent (testator); the decedent's (testator's) heirs are his brother, sisters, and a daughter of a deceased brother, and are therefore as closely related to him (the decedent) as the legatee's (spouse's) heirs are related to her. Under these circumstances, the legacy lapses as an intention contrary to the anti-lapse provision of the statute is manifest from the terms of the will."

We are unable to find any decision of this court so interpreting our anti-lapse statute. Appellants cite McAllister v. McAllister, 183 Iowa 245, 167 N. W. 78. In that case, we state at page 248 of 183 Iowa, page 79 of 167 N. W., as follows:

"In the absence of such a statute, such a devise must have lapsed, and been disposed of as intestate property. This statute was enacted to obviate that result, and to substitute in place of the devisee those persons 'who would presumably have enjoyed the benefits of such devise had the devisee survived the death of the testator and died immediately afterwards.' "

Dr. Schroeder is presumed to know the law and the effect of the anti-lapse statute on his devise to Mrs. Schroeder. Mason v. Mason, 194 Iowa 504, 511, 188 N. W. 685, 688. If he desired a different result, he should have so provided in his will. In the case of Starr v. Newman, 225 Iowa 901, 904, 281 N. W. 830, 832, we state:

"The intention of the testator must prevail. Carpenter v. Lothringer, 224 Iowa 439, 275 N. W. 98; Bell v. Bell, 223 Iowa 874, 273 N. W. 906; In re Estate of Thomas, 220 Iowa 50, 261 N. W. 622; Bellamy v. Bellamy, 184 Iowa 1193, 169 N. W. 621. But such intention must be ascertained from the terms of the will, and from nothing else. Lachmund v. Moore, 192 Iowa 980, 181 N. W. 4; In re Vail's Estate, 223 Iowa 551, 273 N. W. 107; Phillips v. Phillips, 217 Iowa 374, 251 N. W. 511. Of course, in a matter *of doubtful construction,* surrounding circumstances may be shown to aid in determining what the testator meant by the language used, but in the case before us there are no circumstances shown except as to the relation of Parker to the testator and his wife. Phillips v. Phillips, supra; Ellsworth College v. Carleton, 178 Iowa 845, 160 N. W. 222." (Italics supplied.)

In commenting upon Dr. Schroeder's will, in Anderson v. Meier, supra [227 Iowa 38, 41, 287 N. W. 250, 251], we state:

"The wording of Dr. Schroeder's will admits of but one meaning, and is expressed in such terms as to be clear and certain to any person. It is short, providing first for payment of debts and funeral expenses; second, devising and bequeathing to his wife all his estate; and third, appointing her executrix."

The anti-lapse statute provides that any contrary intent

must be manifest "from the terms of the will". Evidence of surrounding circumstances, such as appellants rely upon, is competent only if the matter is "of doubtful construction". There is no basis for resort to such evidence herein. Were we to so hold, it would open the door to such inquiry in any case that the anti-lapse statute was invoked. Instead of the litigants being limited to "the terms of the will" as the legislature has provided, each case would turn upon the attitude of the testator toward those, who chanced to be the heirs of the deceased devisee. Such persons cannot be determined from the terms of the will. And seldom would a will manifest the attitude of the testator toward such persons. If it did, then there might be some merit to appellants' contentions. Under the record presented to us herein, we see no merit in them.

We have held repeatedly that, where a testator devises property to his wife and she dies before he does, the anti-lapse statute controls and the heirs of the deceased wife take the devise. In re Bingham's Estate, 227 Iowa 1023, 290 N. W. 11; In re Will of Watenpaugh, 192 Iowa 1178, 186 N. W. 198; In re Estate of Davis, 204 Iowa 1231, 213 N. W. 395. In the Davis case, at page 1235 of 204 Iowa, page 396 of 213 N. W., we state:

"We are not unmindful of the possibilities pressed upon us that the testator may have misconceived the legal effect of the terms of his will. That is always possible in every testamentary disposition. He was survived by eight children and by ten children of a deceased daughter, and he might easily be deemed to have preferred his own kin to a stranger in blood. But speculations of that kind are not permissible to the courts. The language of the will must be their sole guide. The rule of construction here applied is not technical or burdensome in its requirement. It were simple to have made the devise to the wife conditional upon her survival, if such were the intent."

The decision of the trial court is right. The judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.