IN RE ESTATE OF FANNIE M. EVERETT.

JOE COOPER et al., Appellants, v. VIRGIL EVERETT et al., Appellees.

No. 47010.

JUNE 17, 1947.

Vernon P. Long, Leroy H. Johnson, and R. J. Swanson, all of Red Oak, for appellants.

E. M. Dillon and Charles I. Joy, both of Perry, for appellees.

Floyd E. Billings, of Red Oak, for Ralph E. Cooper, executor.

GARFIELD, J.—Fannie M. Everett died in 1945 leaving a will, duly probated, made in 1939, which provides:

"Paragraph 2.  I will, devise and bequeath to my husband, Ray R. Everett, the sum of Three Thousand Dollars ($3,000.00), said bequest to be in lieu of dower and all statutory rights he may have or claim in and to my estate."

Ray, the husband, predeceased testatrix fifteen days. There were no children. Testatrix' heirs are her six brothers and sisters and two children of a deceased brother. The husband's heirs are his sister, three brothers, and five nephews and nieces. The question presented is whether these heirs of the husband inherit the $3,000 bequeathed to him, by reason of section 633.16, Code, 1946, sometimes called the "antilapse" or "nonlapse" statute, which reads:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

There can be no doubt the husband's heirs here inherit the legacy "unless from the terms of the will a contrary intent is manifest."

The executor filed application, presumably in probate, asking the court to construe the bequest to the husband. The application sets out the matters above stated and alleges that the residuary legatees under the will contend: Such bequest lapsed because it was "to be in lieu of dower and all statutory rights he may have or claim in and to my estate"; such statement in the will indicates the "contrary intent" to which section 633.16 refers; they are therefore entitled to the $3,000 under the residuary clause of the will. The application also asserts that testatrix' heirs contend the bequest lapsed but they are entitled to the $3,000 as intestate property. Both the residuary legatees and testatrix' heirs filed answers to the application, restating their contentions to which the application refers.

The husband's heirs moved to dismiss the executor's application because the will manifests no "contrary intent" and the antilapse statute therefore applies. Upon submission of the motion to dismiss, a short stipulation of facts was entered into and the executor testified briefly. Insofar as we have not stated the material facts thus shown, we will mention them later. The trial court held in favor of the husband's heirs, that the antilapse statute applies, and sustained their motion to dismiss. The residuary legatees and heirs of testatrix have appealed.

There seems to be no real conflict between the two sets of appellants. All but two of the sixteen residuary legatees are children of testatrix' heirs; the other two are heirs (children of the deceased brother). Appellants seem to concede that if the bequest to the husband lapsed it would pass to the residuary legatees, not to testatrix' heirs as intestate property. (See Jensen v. Nelson, 236 Iowa 569, 576, 19 N. W. 2d 596, 600, and authorities cited.)

Like the trial court, we find nothing in the will which manifests an intent that the heirs of the husband, in the event he predeceased testatrix, should not inherit the $3,000 under the terms of section 633.16. The word "devisee," as used in the statute, embraces "legatees," and "devised" comprises the

word "bequeathed." Section 633.15; In re Estate of Warren, 211 Iowa 940, 943, 234 N. W. 835; In re Will of Watenpaugh, 192 Iowa 1178, 1180, 186 N. W. 198. It is thus not material that the bequest to the husband is a legacy of money rather than a devise of realty.

We have held that where an heir or spouse would take under the law the exact estate, both in quantity and quality, which the will gives, the estate passes under the "worthier title" by descent and not under the will. In such event the provision of the will is a nullity. And where the devisee of such an estate predeceases the testator the heirs of the devisee occupy no better position than he and take nothing under our antilapse statute. We have said the fact that the will makes the identical provision for the spouse or heir the law makes in event of intestacy is deemed sufficient evidence of the testator's intent that the devise should lapse if the beneficiary predecease him. Decisions of this kind are, Tennant v. Smith, 173 Iowa 264, 155 N. W. 267; Herring v. Herring, 187 Iowa 593, 174 N. W. 364; In re Estate of Warren, 211 Iowa 940, 234 N. W. 835. See annotation 92 A. L. R. 846, 853, 854.

Tennant v. Smith and Herring v. Herring are two of the three authorities cited to us by appellants. Their remaining authority is In re Estate of Best, 206 Iowa 786, 221 N. W. 369, in which we held a testator did not intend a bequest for the education of a minor who predeceased him to pass to the minor's heirs (his father and mother) and that our antilapse statute was not there applicable. Neither the Best case nor the "worthier title" decisions are applicable here. The rule of such decisions does not apply unless the provision of the will is identical in quantity and quality with the statutory provision to the same end. In re Will of Watenpaugh, 192 Iowa 1178, 186 N. W. 198; In re Estate of Davis, 204 Iowa 1231, 213 N. W. 395; Wehrman v. Farmers & Merch. Sav. Bk., 221 Iowa 249, 254, 259 N. W. 564; In re Estate of Sheeler, 226 Iowa 650, 663, 284 N. W. 799.

It appears here the $3,000 bequeathed to the husband is much less in value than his distributive share under the law,

had he survived her. It further appears testatrix owned real estate when she died. There is not, therefore, identity of either quantity or quality. In the Davis, Wehrman, and Sheeler cases, cited last above, the "worthier title" doctrine was held inapplicable because the provision of the will for the spouse or heir was less in value than the law provided in the event of intestacy and, in the Davis and Sheeler cases, the provision of the will resulted in a conversion from realty into personalty.

██ We think the provision of the will before us that the bequest is "to be in lieu of dower and all statutory rights he may have or claim in and to my estate" insufficient to manifest an intent that the heirs of the husband, in the event he predeceased testatrix, should not inherit the sum bequeathed to him. Such a provision is frequently used in wills to indicate the testator's intent that the bequest is in lieu of, and not in addition to, the survivor's distributive share. This would be the effect of this bequest even if the quoted words had been omitted. Section 633.2, Code, 1946, provides:

"Where the survivor is named as a devisee in a will, it shall be presumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead, and exemptions."

If the words above quoted were held sufficient to prevent the application of the antilapse statute it would seem the statute would not apply to any bequest to a spouse unless the intention were "clear and explicit" that such bequest is not in lieu of the spouse's distributive share. Yet we have held in several cases where a testator bequeaths property to his wife who predeceases him that the antilapse statute controls and the heirs of the deceased wife take the bequest. In re Estate of Schroeder, 228 Iowa 1198, 1208, 293 N. W. 492, and cases cited.

In In re Will of Watenpaugh, 192 Iowa 1178, 1179, 186 N. W. 198, the will stated, " 'The provisions in this will made in behalf of my said wife are in lieu of dower and of her distributive share in my estate.' " We held, however, the heirs of the wife who predeceased testator inherited, because of what is now section 633.16, the property that would have gone to the

wife had she survived. See, also, in support of this view, Longerbeam v. Iser, 159 Md. 244, 150 A. 793; Redwood v. Howison, 129 Md. 577, 99 A. 863, 867; Nance's Executors v. Akers, 165 Ky. 461, 177 S. W. 235.

Appellants claim something for the fact that testatrix inherited from her father much of the estate left by her and that the husband's heirs are not her blood relatives. These matters are entitled to no consideration in the present controversy. The "contrary intent" to which section 633.16 refers must be manifest "from the terms of the will." We find nothing ambiguous or of doubtful meaning in this will. There is no room for the consideration of such surrounding circumstances as appellants urge upon us. In re Estate of Schroeder, 228 Iowa 1198, 1207, 1208, 293 N. W. 492, and cases cited; Nance's Executors v. Akers, 165 Ky. 461, 177 S. W. 235.

Testatrix is presumed to have known of the antilapse statute and its effect on the bequest to her husband in the event he predeceased her. Mason v. Mason, 194 Iowa 504, 511, 188 N. W. 685; In re Estate of Schroeder, supra; 69 C. J., Wills, section 2279. If testatrix did not intend section 633.16 to apply, she could easily have made the bequest to her husband conditional upon his survival of her. In re Estate 'of Davis, 204 Iowa 1231, 1235, 213 N. W. 395, 396; In re Estate of Schroeder, supra; Longerbeam v. Iser, 159 Md. 244, 150 A. 793, 794. The effect of a reversal would be to write such condition into her will.—Affirmed.

OLIVER, C. J., and BLISS, HALE, SMITH, MANTZ, and MULRONEY, JJ., concur.

HAYS, J., takes no part.