IN RE ESTATE OF J. E. COLEMAN.

No. 47947.

(Reported in 49 N.W.2d 517)

OCTOBER 16, 1951.

1098

Ferguson & Ferguson, of Shenandoah, for appellant, Mrs. Cecil Coleman.

Keenan, Clovis & Harris, of Shenandoah, for appellee, Arthur D. Coy, as executor of the estate of J. E. Coleman, deceased.

GARFIELD, J.—The question presented is whether appellant-widow takes only a third of the estate or $15,000 in value and half the excess. We affirm the trial court's decision that appellant takes only the third.

Testator died in 1950 without issue. His will made in 1942 states in substance: "I want my wife Cecil to have all her legal rights as to my property, which is ⅓ of my estate.

"* * * I want my brother Arthur to have the remaining ⅔ of the estate."

A codicil made in 1946 confirms the will "save so far as any part of it is inconsistent with this codicil" and provides in substance: "In the event my brother Arthur * * * should predecease me * * * I devise all the rest of my property, that is, what is left after my wife Cecil receives her legal share of ⅓, to my nephew, son of my brother Arthur."

The brother Arthur predeceased testator so the remaining two thirds of the estate go under the codicil to Arthur's son.

So far as material here, section 636.5, Code, 1950, I. C. A., provides that one third in value of all real property possessed by the husband shall go to the surviving wife. This one third is frequently referred to as the survivor's distributive share or dower. Code section 636.5 is headed "Dower". Section 636.7 refers to this one third as "The distributive share of the survivor." See in this connection In re Estate of Finch, 239 Iowa 1069, 1090, 1091, 32 N.W.2d 819, 829, 3 A. L. R.2d 1403, 1417, 1418.

Section 636.21 states, "The survivor's share cannot be affected by any will of the spouse unless consent thereto is given

* * *." This reference is to the survivor's one-third share. In re Estate of Finch, supra, and citations.

Section 636.32, so far as material here, provides, "If the *intestate* leaves no issue, the whole of the estate to the amount of fifteen thousand dollars * * * and one-half of all * * * excess * * * shall go to the surviving spouse and the other one-half of said excess shall go to the parents." (Italics added.)

What the survivor takes under 636.32 over and above her distributive share of one third she takes as an heir and not otherwise. Such additional share is subject to the will. Smith v. Zuckmeyer, 53 Iowa 14, 17, 3 N.W. 782, 784; Monroe v. Servis, 179 Iowa 583, 585, 586, 161 N.W. 653, 655; In re Estate of Finch, supra, at pages 1091, 1092 of 239 Iowa.

If J. E. Coleman had died intestate appellant-widow would have acquired, under 636.32, the whole estate to the amount of $15,000 and half the excess. From this appellant argues that "all her legal rights" in testator's property, to which the will refers, are measured by 636.32.

Of course the purpose of construing a will is to ascertain the intent of the testator. In re Estate of Gisler, 242 Iowa 933, 937, 48 N.W.2d 866, 868, and citations. Such intent is to be gathered from the entire instrument, not from any one provision. If reasonably possible, effect will be given every part of the will. See In re Estate of Fintel, 239 Iowa 475, 479, 31 N.W.2d 892, 894, and citations; Jensen v. Nelson, 236 Iowa 569, 576, 19 N.W.2d 596, 600; In re Estate of Edwards, 231 Iowa 71, 73, 300 N.W. 673, 674, and citations.

It seems clear from the entire will and codicil testator intended appellant to have only a third of his estate. Both instruments expressly state she is to receive a third. Then the will gives the remaining two thirds to the brother Arthur. By the codicil this two thirds goes to Arthur's son if Arthur predeceases testator. It is plain that under appellant's contention the devise to Arthur or his surviving son would be rendered ineffective, at least in part. Our decision gives effect to both the entire will and codicil.

The "worthier title" rule which appellant invokes does not aid her. Under this doctrine where an heir or spouse would

take under the law of descent the exact estate, both in quantity and quality, which the will gives, the estate passes under the worthier title by descent and not under the will. In re Estate of Finch, supra, 239 Iowa 1069, 1078, 32 N.W.2d 819, 823, 3 A. L. R.2d 1403, 1411; In re Estate of Everett, 238 Iowa 564, 567, 28 N.W.2d 21, 22, and citations.

The rule of the cited decisions does not apply unless the provision of the will is identical in quantity and quality with the statutory provision in the event of intestacy. Finch and Everett cases, supra, and citations therein. This will does not make the same provision for appellant that section 636.32, quoted above, would have made for her if her husband had died intestate. The worthier-title rule is therefore not applicable.

Appellant specially relies upon Tennant v. Smith, 173 Iowa 264, 155 N.W. 267, where the will left the spouse " 'such share of my estate as he is entitled to have and receive under the laws of the state of Iowa' " and Marvick v. Donhowe, 191 Iowa 214, 216, 182 N.W. 182, 183, where testator devised to his wife " 'that part of my estate which the laws of Iowa provide for a wife's equity.' " In each case it was held the devise was exactly the same as the spouse would have received in the event of intestacy. The worthier-title rule was therefore applied.

Here the devise to appellant of a third of the estate was of course much less than she would have received under 636.32 if Mr. Coleman had died intestate. The cases last-cited are therefore not applicable. See In re Estate of Everett, supra, 238 Iowa 564, 567, 568, 28 N.W.2d 21, 23; In re Estate of Sheeler, 226 Iowa 650, 663, 284 N.W. 799; Wehrman v. Farmers & Merchants Sav. Bk., 221 Iowa 249, 254, 259 N.W. 564, 266 N.W. 290; In re Estate of Davis, 204 Iowa 1231, 213 N.W. 395. See also Beem v. Beem, 241 Iowa 247, 41 N.W.2d 107.

In re Estate of Finch, supra, 239 Iowa 1069, 1073, 32 N.W.2d 819, 821, 3 A. L. R.2d 1403, 1408, involves a devise to the husband of " 'his distributive share of my property as provided by the laws of Iowa.' " As here, it was contended such share should be measured by Code section 636.32 and was not limited to the third provided by 636.5. Chief reliance was upon Marvick v. Donhowe, supra, 191 Iowa 214, 182 N.W. 182. The contention was rejected

and the devise was held to be limited to a third. While the present will does not use the term "distributive share" it does say that appellant's "legal rights" consist of "⅓ of my estate" which the Finch will did not expressly say.

■ Appellant also invokes the rule that where there is irreconcilable repugnance between different provisions of a will the first must stand and the latter be rejected. It is said the devise to appellant of "all her legal rights" clearly means such share as a spouse receives under section 636.32 and testator's attempt to limit the gift to one third is void for repugnance.

The rule for which appellant contends is not applicable here. It is frequently applied where an absolute gift in fee simple is followed by an attempt to place some limitation on the title or otherwise to control the property. See In re Estate of Bigham, 227 Iowa 1023, 290 N.W. 11; Baker v. Elder, 223 Iowa 395, 272 N.W. 153; Todd v. Stewart, 199 Iowa 821, 202 N.W. 844; Bradford v. Martin, 199 Iowa 250, 201 N.W. 574.

■ A testamentary provision will not be held void for repugnance unless clearly so. Where it is reasonably possible to give it effect it is our duty to do so. We find no clear or irreconcilable repugnance between the statement that testator wanted his wife to have "all her legal rights" and the explanation immediately following "which is ⅓ of my estate." The later words were obviously intended to render certain what otherwise might be doubtful rather than to limit or qualify an absolute gift previously made in express terms. As between Code sections 636.5 and 636.32 the former more nearly defines all the legal rights of the spouse in the property of a testator than does the latter.

In support of our conclusion there is no irreconcilable repugnance in this will see In re Estate of Johnson, 238 Iowa 1221, 1224, 1225, 30 N.W.2d 164, 166; De Koster v. Roggen, 229 Iowa 938, 295 N.W. 440; Iowa City State Bank v. Pritchard, 199 Iowa 676, 678, 679, 202 N.W. 512, 513; Hiller v. Herrick, 189 Iowa 668, 179 N.W. 113. See also In re Estate of Organ, 240 Iowa 797, 802, 38 N.W.2d 100, 103.

■■ Appellant also calls attention to the rule that in case of doubt the law favors an interpretation of a will which most nearly conforms to the statutory rule of descent and distribution.

See In re Estate of Gisler, supra, 242 Iowa 933, 940, 48 N.W.2d 866, 870, and citations. It is sufficient to say that the language of this will negatives any intent to give appellant the share she would have taken under section 636.32 if Mr. Coleman had died intestate. Rules of construction serve no purpose where testator's intent is manifest from the will itself. Lytle v. Guilliams, 241 Iowa 523, 525, 526, 41 N.W.2d 668, 670, 16 A. L. R.2d 1377, 1380; Henkel v. Auchstetter, 240 Iowa 1367, 1377, 1378, 39 N.W.2d 650, 656, and citations.

[10] In the trial court appellant offered some extrinsic evidence in an effort to show testator intended her to have more than one third of his estate. The court apparently did not consider this evidence because he felt the will and codicil were clear and unambiguous. We think the court was right in holding that no extraneous evidence was necessary or admissible. See authorities last above, also Sick v. Rock, 240 Iowa 584, 587, 37 N.W.2d 305, 306, and citations. We may add that the extrinsic evidence was not very persuasive.—Affirmed.

All JUSTICES concur.